[Crim. No. 2462.  In Bank.—November 9, 1922.]

## THE PEOPLE, Respondent, v. GEORGE DONNELLY, Appellant.

[1] CRIMINAL LAW — MURDER — PREMEDITATION—TIME.—To constitute murder in the first degree there need be no appreciable space of time between the intention to kill and the act of killing. They may be as instantaneous as successive thoughts of the mind. It is only necessary that the act of killing be preceded by a concurrence of will, deliberation, and premeditation, on the part of the slayer, and if such is the case, the killing is murder of the first degree, no matter how rapidly these acts of the mind succeed each other, or how quickly they may be followed by the act of killing.

[2] ID.—INSTRUCTIONS—INTENT.—In a prosecution for murder there is no error in refusing to give an instruction on the subject of intent where the subject matter was fully covered by other portions of the charge and the court very carefully instructed the jury on every phase of murder, special attention being given to the degree of deliberation and premeditation necessary to constitute murder in the first degree.

[3] ID.—SELF-DEFENSE.—In a prosecution for murder there is no error in refusing an instruction on the question of self-defense where the proposed instruction covers much not included in the testimony and is against law in certain particulars, the court having elsewhere stated the law in relation to self-defense correctly and having fully covered the subject.

APPEAL from a judgment of the Superior Court of Sacramento County and from an order denying a new trial. Malcolm C. Glenn, Judge.  Affirmed.

The facts are stated in the opinion of the court.

A. B. Reynolds for Appellant.

U. S. Webb, Attorney-General, J. Charles Jones, Deputy Attorney-General, for Respondent.

WASTE, J.—The defendant was charged with the crime of murder.  Both he and the deceased were prisoners in the

---

1.  Elements of deliberation and premeditation as affected by brevity of period elapsing between resolution to kill and the homicide, note, 7 L. R. A. (N. S.) 1056.

state prison at Folsom. The jury returned a verdict of guilty of murder in the first degree, without recommendation, and the defendant was sentenced to pay the extreme penalty. He made a motion for a new trial, which was denied, and he now appeals from the judgment of conviction and from the order denying his motion.

Defendant urges but two points: 1st, that the evidence does not show that degree of premeditation essential to constitute murder in the first degree; 2d, that the court erred in refusing certain instructions requested by him.

In support of his first contention defendant claims that there is no evidence showing any motive for the killing of Morse by himself, except a sudden quarrel that arose between Morse and a fellow prisoner, in which the defendant participated. He admits that the killing was accompanied with malice, but contends that the evidence does not show a deliberate and premeditated attempt to slay Morse, and, lacking in this intent, is not sufficient to sustain a conviction of murder in the first degree. We have carefully read the entire record and are convinced that this contention cannot be sustained. The killing took place in the corridor of the prison on November 12, 1921, between 4 and 5 o'clock, at a time when the prisoners were assembling for the purpose of marching into the dining-room to partake of their evening meal. They were not yet in line, but were "bunched up." Morse had taken a position near another prisoner, Edwin Silva, who was friendly with and a prison pal of the defendant. Morse and Silva became engaged in a bitter quarrel. The defendant, overhearing the remarks passing between the two quarreling prisoners, approached them, addressed a remark to Morse and stabbed him twice in the neck, severing the spinal cord and penetrating the spine, from which injury he died a few hours later.

[1] It appears that there was no appreciable time between the remark addressed by the defendant to Morse and the fatal blow. But that fact, of itself, does not lessen the degree of the crime. "There need be no appreciable space of time between the intention to kill, and the act of killing. They may be as instantaneous as successive thoughts of the mind. It is only necessary that the act of killing be preceded by a concurrence of will, deliberation, and pre-

meditation, on the part of the slayer, and if such is the case, the killing is murder of the first degree, no matter how rapidly these acts of the mind succeeded each other, or how quickly they may be followed by the act of killing." (*People* v. *Cotta,* 49 Cal. 166, 168; *People* v. *Sanchez,* 24 Cal. 17, 30.)

[2] Appellant contends that the court erred in refusing to give an instruction reading, in part, as follows: "But while the fatal purpose or intent and its execution may follow thus rapidly upon each other, it is proper for you to take into consideration the shortness of such interval, if such be the fact, in considering whether such sudden and speedy execution may not be attributed to sudden passion and anger, rather than to the deliberation and premeditation, which must characterize the higher offense." The court did not err in refusing the instruction. The subject matter was fully covered by other portions of the charge. The court very carefully instructed the jury on every phase of murder, and gave special attention to the matter of the degree of deliberation and premeditation necessary to constitute murder in the first degree.

The defendant requested the court to give the following instruction:

[3] "The court instructs the jury that if you believe from the evidence that the deceased was a man of superior strength to the defendant, and that by reason of such superior strength he was regarded by the defendant as able to do him serious bodily injury, and further believe from the evidence that said deceased assaulted defendant, or by his words or acts produced in the mind of defendant a reasonable apprehension or fear of assault, or if you believe from the evidence that defendant had been informed that deceased had threatened to kill him or do him serious bodily injury and further believe from the evidence that said deceased assaulted defendant, or by his words or acts produced in the mind of defendant a reasonable apprehension or fear of assault, or if you believe from the evidence that defendant had been informed that deceased had threatened to kill him or do him serious bodily harm, and that at the time of the difficulty deceased did some act manifesting an intention to execute such threat, or threats, and that said act produced a reasonable apprehension in defendant's mind

that deceased was about to execute said threat, defendant had the right to defend himself with all necessary force, viewing the matter from his standpoint in the light of all the surrounding facts and circumstances, including the character and reputation of deceased." (*Carver* v. *State* (Tex. Cr. App.), 148 S. W. 746, 748.)

The court refused to give this instruction, indorsing thereon "Refused. This proposed instruction covers much not included in the testimony and hence is not applicable to the facts." This statement of the trial court is correct, and it was not error to refuse the instruction. The instruction was also against law in particulars which we do not now need to point out, for the law in relation to self-defense was correctly stated, and the subject was fully covered in other instructions given by the court.

No other points are urged by the appellant. However, in view of the fact that the judgment of conviction carries with it the infliction of the extreme penalty, we have carefully read the entire record, and find nothing therein indicating that the defendant did not have a fair and impartial trial, or that the evidence was insufficient to warrant his conviction.

The judgment and order appealed from are affirmed.

Shaw, C. J., Wilbur, J., Lawlor, J., Lennon, J., and Richards, J , *pro tem.*, concurred.