[Crim. No. 2578. Second Appellate District, Division One.—September 19, 1934.]

THE PEOPLE, Respondent, v. JOSE GUITERREZ, Appellant.

David C. Marcus for Appellant.

U. S. Webb, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondent.

CONREY, P. J.—Defendant appeals from a judgment whereby he was convicted of the crime of assault with a deadly weapon. He also gives notice of appeal from an order denying his motion for a new trial, but the record does not show that there was any motion for a new trial. We therefore treat the appeal as being solely an appeal from the judgment.

The evidence shows that without provocation the defendant struck his victim, one Wenasleo Trujillo, with a knife, and that by this wound Trujillo was deprived of the sight of one eye. The first point presented is that the court erred in sustaining an objection to the following question addressed to Trujillo on cross-examination. "Q. Were you drunk?" The objection was that the question was immaterial. The objection was sustained. Evidence that the witness was intoxicated would have been material, because it would have had a bearing upon the mental condition of the witness, and in that respect might have aided in testing the reliability of his testimony. But the rejection of this one question, without any attempt to support it by facts tending to prove that the witness had been in an intoxicated condition, is not prejudicial error. Counsel for appellant made no offer of proof of the fact, beyond the one apparently incidental question. The testimony of the witness and of corroborating witnesses very positively established the fact of the assault. And the nature of the stab wound which destroyed the eye was sufficient to prove that the assault was committed with a deadly weapon, even if there had been no direct testimony that a knife was seen in the hand of the defendant at the time of the assault.

 Appellant in his brief has set forth a number of instructions requested by him and which were by the court "refused except as covered by other instructions". Counsel for appellant made no argument concerning these instructions, but contented himself with the bald assertion that defendant was materially affected and prejudiced by failure to give them. No attempt has been made to show that the subjects of these instructions were not completely and correctly covered by the instructions which were actually given to the jury.

There being no merit in the appeal, the judgment is affirmed.

Houser, J., and York, J., concurred.