[Crim. No. 534. Fourth Appellate District.—July 15, 1940.]

THE PEOPLE, Respondent, v. HAROLD WILT, Appellant.

John Said for Appellant.

Earl Warren, Attorney-General, Lewis Drucker, Deputy Attorney-General, William C. Tupper, District Attorney, and S. L. Heisinger, Jr., Deputy District Attorney, for Respondent.

MARKS, J.—This is an appeal from a judgment and from an order denying defendant's motion for new trial.

Defendant was charged with the crime of robbery and with having suffered a prior conviction. He admitted the prior conviction and entered a plea of not guilty to the charge of robbery.

Defendant urges that the evidence was insufficient to sustain the verdict and judgment in three particulars: (1) That the *corpus delicti* was not sufficiently proven and, therefore, three confessions made by him should not have been admitted in evidence nor considered against him; (2) that independent of those confessions there was no evidence identifying him as one of the perpetrators of the crime; (3) that there was no evidence that any money was taken from Odee Toon, the victim of the robbery.

██ Toon testified that on the evening of February 16, 1940, he was in a cafe in Selma, California, where he had been drinking for some time; that at about midnight defendant and G. W. Mainard entered the cafe and drank with him; that later, as the cafe was being closed, he invited those present to come to his hotel room and "have a few drinks"; that defendant and Mainard accompanied him to his room; that as he opened the door and turned on the light defendant struck him, knocking him onto the bed; that someone went through the pockets of his trousers, taking his money, and through the dresser drawers and the clothes hanging in his closet; that both his eyes were swollen from the blows. There is evidence that on the next day his eyes were blackened and his face bruised.

On cross-examination Toon became confused. He did not know how many persons went with him to his room, who struck him, how much money he had nor who rifled his pockets. He consistently maintained, however, that someone struck him, knocking him down; that someone went through

his pockets and removed his money as he heard the clink of coins being taken from him.

The *corpus delicti* is established when it is proved that the crime charged was committed. It is not required that it be proved the crime was committed by the defendant. (*People* v. *Ward,* 134 Cal. 301 [66 Pac. 372]; *People* v. *Bollinger,* 196 Cal. 191 [237 Pac. 25]; *People* v. *Cowan,* 38 Cal. App. (2d) 231 [101 Pac. (2d) 125].) The evidence here sufficiently established the *corpus delicti* to permit the introduction of the three confessions.

■ The other uncertainties in Toon's testimony are clarified by these confessions and by the testimony of defendant and Mainard. It appears from the testimony of defendant and Mainard that the two men, and no others, accompanied Toon to his room. It appears from the confessions that defendant struck Toon in the face three times and removed $1.10 from his person; that defendant gave Mainard 55 cents and kept a like amount for himself.

This summary of the evidence demonstrates that it sufficiently supports the verdict and judgment.

■ In his evidence defendant admitted striking Toon but claimed to have done so in resisting improper advances. On cross-examination he was asked, in connection with a confession made in the office of the district attorney, "You never told anybody that this man had made degenerate advances to you, did you?" His counsel objected to this question on the ground that defendant could not be so impeached unless, at the time of the confession, his attention had been directed to this approach by Toon. The objection was overruled for the reason that it appeared that defendant had been asked to detail everything that had happened in Toon's room at the time of the robbery.

A similar question was asked of the chief of police of the city of Selma concerning a conversation with defendant at the time he made another confession. A like objection was made and overruled. This was error as the attention of defendant had not been directed at the time of this confession, either generally or specifically, to any improper advances made by Toon. (*People* v. *Casanova,* 54 Cal. App. 439 [202 Pac. 45].)

■ Defendant complains of another purported error disclosed by the following excerpt from the record: "Q. Have

you ever been convicted of a felony, Mr. Wilt? A. Yes. Q. What was it? A. Grand theft. Q. Pursuant to that you served a term in the San Quentin Penitentiary, didn't you? A. That was the sentence there, grand theft. Q. Yes. A. My prior conviction Q. When did you get out? A. 1938. MR. SAID: May it please the Court, we wish to object to this line of testimony. Counsel well knows just the length to which he can go on cross-examination as to that. What he is trying to do here is crucify this man on something he did when he was 19 years old. MR. HEISINGER: The judge knows I am not trying to do that. THE COURT: The Court will instruct the jury counsel has the right to ask the witness if he has been previously convicted of a felony, and ask the witness what the felony was and whether he served the time in a penal institution. And I take it the only proper objection would be the length of time he served. I don't think counsel has a right to show how long.''

It is rather clear that the trial court attempted, by this instruction to the jury, to correct the error of the district attorney in asking defendant when he had been released from prison. Had defendant desired a more specific instruction on the subject he should have asked for one. This he did not do.

A study of the record leaves us with the conviction of defendant's guilt and that there has been no miscarriage of justice in this case. That being true, we cannot reverse the judgment merely because of technical errors in the admission of evidence. (Sec. 4½, art. VI, Const.)

The judgment and order denying the motion for new trial are affirmed.

Barnard, P. J., and Griffin, J., concurred.