[Crim. No. 3729.   Second Dist., Div. Two.   Nov. 16, 1943.]

THE PEOPLE, Respondent, v. ALLEN ROSS DUGGAN, Appellant.

Stanley Visel for Appellant.

Robert W. Kenny, Attorney General, and T. G. Negrich, Deputy Attorney General, for Respondent.

McCOMB, J.—Defendant entered a plea of guilty to an information charging him with murder. Thereafter the trial judge fixed the crime as murder in the first degree and sentenced defendant to life imprisonment.

From the judgment defendant appeals.

The record discloses the following facts:

On the evening of February 1, 1943, defendant declined to go to the motion picture theater with his wife, daughter and son. The two children went to the theater leaving their parents at home. According to defendant's statement, he lay on a divan in a room adjoining the kitchen where his wife was working. A dialogue ensued between them. During the course of their conversation defendant's wife complained that he never took her to a show. He replied in jest, "Well, maybe you can get some good-looking man to take you to the show." His wife remarked, "I already have one." Defendant then asked her if she wanted to leave him and she answered, she didn't care. Defendant then told her that if he "couldn't have her, nobody could." Thereafter he tied a handkerchief around her neck, pulled it tight, and choked her to death.

Defendant then put her upon a bed, covered her with a spread, kissed her, took off her shoes, and wrote a note, "May God have mercy on you." The note, he placed on the front room table, turned out the lights in the house, locked the door, went to the police station and surrendered.

■ This is the sole question necessary for us to determine: *Was there substantial evidence to sustain the trial court's finding that defendant was guilty of murder in the first degree?*

This question must be answered in the affirmative. The law is established in California that murder which is perpetrated by means of *torture* is murder in the first degree. (Sec. 189, Pen. Code.)

Applying the foregoing rule to the facts in the instant case, since the evidence discloses that defendant choked his wife to death with a handkerchief, it is clear that the murder was perpetrated by means of torture and therefore was murder in the first degree. (*People* v. *Murphy,* 1 Cal.2d 37, 41 [32 P.2d 635]; *People* v. *Cardoza,* 57 Cal.App.2d 489, 498 [134 P.2d 877].)

For the foregoing reasons, the judgment is affirmed.

Moore, P. J., concurred.

WOOD (W. J.), J.—I concur. Murder is of the first degree when it "is perpetrated by means of poison, or lying in wait, torture, or by any other kind of willful, deliberate, and premeditated killing. . . ." (Sec. 189, Pen. Code.) To establish that the killing was deliberate and premeditated it was not necessary for the prosecution to prove that there was any appreciable space of time between the intention to kill and the act of killing. "They may be as instantaneous as successive thoughts of the mind." (*People* v. *Donnelly,* 190 Cal. 57 [210 P. 523].) Defendant left his reclining position in the living room, went to the kitchen and there attacked his wife. The evidence is ample to support a finding that the killing was willful, deliberate, and premeditated and consequently murder of the first degree.