[Crim. No. 4534. Second Dist., Div. Two. Dec. 8, 1950.]

THE PEOPLE, Respondent, v. AUGUSTINE RAMIREZ et al., Defendants; GEORGE D. TELLAS, Appellant.

Theodor Ira Kowan for Appellant.

Fred N. Howser, Attorney General, and Donald D. Stoker, Deputy Attorney General, for Respondent.

MOORE, P. J.—Having been convicted of burglary of a service station appellant filed his motion for a new trial which was denied. He now demands a reversal on the ground that the evidence was insufficient to support the verdict. His codefendant Ramirez was acquitted.

About midnight of February 10, 1950, the operator of a café on South San Pedro Street in Los Angeles heard a noise like breaking glass. Looking out of his window he saw two boys running through the nearby alley carrying two tires. He could not identify them as the defendants who had but recently loitered in his place of business. About two hours later a police officer arrested defendants. Ramirez promptly denied all knowledge of the crime but admitted he had been out with appellant and others. When the officer called on appellant and "asked him what had happened that they had pulled this burglary" and demanded to know what became of the tires, appellant answered agreeably and said that they were in his garage. After he and the officer had recovered the tires, appellant stated that three friends were "in on the deal with him." The reference was to defendant Ramirez and two juveniles. The latter attempted at the trial to assume full responsibilty for the crime. However, while the officer was still at appellant's home, the accused stated that "he broke the windows and took the tires and would take the blame for the whole thing."

EVIDENCE SUFFICIENT

The evidence is in no respect deficient. The proprietor of the gas station did not consent to the removal of the tires. He testified that two windows of his structure had been broken and two tires removed. The café proprietor heard the clatter of the breaking glass and witnessed the flight of two participants. These facts comprising the corpus delicti having been established (*People* v. *Wilt*, 40 Cal.App.2d 124, 127 [104 P.2d 387]) the free and voluntary confession of appellant connected him with the crime and made him the principal factor in its commission. His possession of the stolen goods corroborates his candid statement to the officer. (*People* v. *Jones*, 123 Cal. 65, 69 [55 P. 698].)

However, at the trial, appellant took a "new tack." While admitting that he had made the confession to the officer, he denied that he had broken the windows or taken the tires or planned with others to do so. Despite appellant's considered strategy at the trial he was too entangled to be absolved. He had become intoxicated from his bibulous carousals; he was at the scene of the crime; he had possession of the stolen property when it was discovered and he freely confessed his guilt to the arresting officer. His own denials and the testimony of the two juveniles that appellant had nothing to do with the crime are mere contradictions of the proof adopted by the court as the basis of its implied finding.

Therefore, the judgment cannot be reversed since it cannot be said that upon no hypothesis whatever is there insufficient evidence of a substantial character to sustain it. *People* v. *Newland*, 15 Cal.2d 678, 681 [104 P.2d 778]; *People* v. *Daener*, 96 Cal.App.2d 827, 832 [216 P.2d 511].) The court performed within the bounds of its powers in accepting appellant's spontaneous confession as the truth rather than the protestations of the two juveniles that they only were guilty of the crime charged. (*People* v. *Yankee*, 79 Cal.App.2d 431, 434 [179 P.2d 582].)

Appellant cites authorities (*People* v. *Draper*, 69 Cal.App. 2d 781, etc. [160 P.2d 80]) in support of his contention that the evidence is insufficient. It cannot be gainsaid that convictions have resulted from a paucity of proof only to be reversed by the exercise of their constitutional powers by appellate courts. But the reversal of one judgment for cause is not a *carte blanche* command to reverse another without cause. In appraising the factual and inferential basis of a

verdict each decision must be considered on its own facts. (*People* v. *Wolfeart*, 98 Cal.App.2d 653, 655 [220 P.2d 778].)

Appellant apparently proceeds upon the assumption that because the juveniles testified with emphasis that they alone committed the burglary it could not have been done by him and that therefore his confession was disproved. He forgets that it is the function of the trial court to unravel commingled skeins of contradictory proofs even though some of them are utterances or testimony of the same witness. ■ A confession is the same as any other fact in evidence (*People* v. *Garcia*, 2 Cal.2d 673, 679 [42 P.2d 1013]) and if it is found to have been the candid, honest admission of the accused he may be legally convicted upon it provided the corpus delicti has been established. (*People* v. *Hammond*, 26 Cal.App.2d 145, 150 [78 P.2d 1172].) The fact that Hammond was convicted of murder does not discount the court's pronouncement of the law governing confessions. The principle is equally applicable on the trial of all felonies.

■ Appellant asserts that an intent to commit a burglary must be established as a basis of guilt. He contends that it is significant that (1) the two juveniles testified that he had no part in the window breaking or stealing; (2) there was no conspiracy to burglarize the gas station; (3) appellant was drunk, and (4) he explained the presence of the tires in his garage. From such asserted facts he contends that he could not have intended to commit the burglary. Such conclusion by no means follows. The existence of an intent to commit a burglary is rarely or never proved by the declaration of the burglar. Nor is its nonexistence necessarily established by the testimony of his confederate or friend. In all contested criminal cases intent is inferred from established facts and circumstances. (*People* v. *Smith*, 84 Cal.App.2d 509, 511 [190 P.2d 941].) Appellant confessed to the breaking of the windows and removal of the tires. Finding them concealed in his garage added to such confession warrants the inference that he intended to steal. Had he been aiming to protect the booty he would have communicated with the police before breaking the window or before hiding the tires on his own premises or before he was caught. (See *People* v. *Dreyer*, 71 Cal.App.2d 181, 187 [162 P.2d 468] ; *People* v. *Martone*, 38 Cal.App.2d 392, 394 [101 P.2d 537].) His intoxication was not a defense (Pen. Code, § 22) and the circumstances were such as to warrant the inference of a conspiracy. Ramirez

left the trio at the station. He "didn't have anything to do with it. I was on my way home." Appellant argues that he could not have been a lookout for the two juveniles because the booth where he telephoned was "ten feet from where the . . . windows were broken and the tires stolen." All in all the record presents far more than a suspicion. It furnishes substantial proof of the crime of which appellant was found guilty.

The judgment and the order denying the motion for a new trial are affirmed.

McComb, J., and Wilson, J., concurred.