[Crim. No. 5452.   Second Dist., Div. One.   Oct. 18, 1955.]

THE PEOPLE, Respondent, v. ARMANDO NICOLAS PASTRANA, Appellant.

Armando Nicolas Pastrana, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

DRAPEAU, J.—Defendant, Armando Nicolas Pastrana, was convicted of a sale of heroin, in violation of section 11500 of the Health and Safety Code. He admitted two priors: one a federal felony for the illegal transfer of marijuana, the other a state misdemeanor for violation of section 11500 of the Health and Safety Code. He served terms of imprisonment for each offense, the first in a federal penitentiary, the second in a county jail.

Mr. Pastrana contends on appeal that the evidence is insufficient to support the finding of guilty by the trial court; also that when judgment was pronounced certain comments of the judge indicated that he was of the impression that both priors were felonies.

There is, of course, no merit to the second point. Defendant admitted the priors. The second one was denominated a misdemeanor in the information filed by the district attorney, and was so referred to throughout the trial. It is to be presumed that the trial judge was familiar with the record when judgment was pronounced.

As the law requires, this court has read the record. From the reporter's transcript it appears that a deputy sheriff assigned to the sheriff's narcotics detail, testified that defendant handed him ten capsules of heroin, for which the deputy sheriff had given defendant $25.

Defendant denied this testimony.

The trial judge who heard the evidence resolved the conflict, and that is the end of the case so far as this court of review is concerned. The power of a jury (or of a judge when a jury has been waived) in determining the weight to be given to testimony is, within the rules of evidence, exclusive and supreme. Appeals to this court in criminal cases do not lie from the verdict of a jury or from the finding of a

judge upon controverted questions of fact. (Const. art. VI, §§ 4, 4b; Pen. Code, § 1235.)

The judgment and the order denying defendant's motion for a new trial are, and each of them is, affirmed.

White, P. J., and Doran, J., concurred.