[Crim. No. 3443.   First Dist., Div. Two.   May 19, 1958.]

THE PEOPLE, Respondent, v. HUBERT WILSON,
Appellant.

Philip L. Evans, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Peter T. Kennedy, Deputy Attorney General, for Respondent.

KAUFMAN, P. J.—Appellant was charged by information with two felonies, burglary and petty theft with a prior conviction for petty theft. (Pen. Code, § 666, subd. 3). Appellant admitted the prior conviction and entered a plea of not guilty to both charges. A jury trial resulted in a verdict of guilty as charged, on both counts. The trial court denied appellant's motion for a new trial, dismissed the second count, denied probation, and sentenced the appellant to the state prison. This appeal is taken from the judgment of conviction and the order denying the motion for a new trial.

The following facts appear from the evidence: on April 20, 1957, a sales clerk at the J. J. Newbury Company store at 1921 Broadway, Oakland, saw the appellant slip two pairs of blue jeans into a box which he was carrying. He did not pay for them, but asked the sales clerk where he could buy a coping saw and walked toward the hardware counter. The sales clerk called a shoplifting code number. The store manager came and questioned the appellant in a back room. Appellant admitted taking the articles. Upon realizing that the manager was going to turn him in, he struck the manager with the coping saw and struggled until the police arrived. The appellant took the stand on his own behalf and admitted being in the store on the day in question, but could not remember what happened after he entered the store, as he had been drinking for several days, except that he bought a coping saw.

Appellant's chief contention on appeal is that the verdict is contrary to the evidence because he could not harbor the necessary intent to commit burglary due to intoxication. Although appellant testified that he had been drinking, and the store manager and another witness testified that the appellant had a bottle, there was also considerable testimony that the appellant was not ''drunk,'' and that his actions and speech were coherent. ▇ Penal Code, section 22, provides that while voluntary intoxication is no excuse for a crime, the jury may consider the fact of intoxication determining purpose, motive or intent. Under this section intoxication is not a

defense to burglary. (*People* v. *Ramirez*, 101 Cal.App.2d 50 [224 P.2d 878].) ▮ Any witness may express his opinion as to intoxication. (*People* v. *Clark*, 106 Cal.App.2d 271 at p. 279 [235 P.2d 56].) ▮ The statute clearly leaves to the jury the question of whether intoxication precluded a defendant from forming the necessary intent. (*People* v. *Murphy*, 1 Cal.2d 37 [32 P.2d 635].) ▮ Here there is ample evidence to support their conclusion that it did not, and that the appellant entered the store with the intent to commit larceny. (*People* v. *Henderson*, 138 Cal.App.2d 505 [292 P.2d 267].) ▮ One who enters a store with the intent of committing larceny is guilty of burglary although the entry was made through the public entrance during business hours. (*People* v. *Barry*, 94 Cal. 481 [29 P. 1026].)

▮ Appellant raises for the first time on appeal, a denial of due process in violation of Penal Code, section 849, in being held six days after his arrest without being charged. The record does not support this contention nor can it be raised for the first time on appeal. (*People* v. *Tennyson*, 127 Cal.App.2d 243 [273 P.2d 593].)

Appellant further contends that there were certain errors in the admission of evidence, that certain witnesses were prejudiced, that the district attorney committed prejudicial misconduct, and that the jury did not apply the presumption of innocence. There is nothing in the record which gives merit to any of the above contentions.

No prejudicial error appearing in the record the judgment must be affirmed.

Judgment affirmed.

Dooling, J., and Draper, J., concurred.