[Crim. Nos. 6127, 6128.    Second Dist., Div. Three.    Aug. 8, 1958.]

THE PEOPLE, Respondent, v. JOHNNY M. PEREZ, Appellant.

[Two Cases.]

Johnny M. Perez, in pro. per., for Appellant.

No appearance for Respondent.

SHINN, P. J.—By indictment in case Number 6127, Johnny M. Perez and Romero M. Rivera were accused in Count I of selling, furnishing and giving away a preparation of heroin on February 3, 1957, and in Count II, with the commission of a like offense on February 7, 1957. Rivera pleaded guilty and was sentenced to state prison; Perez pleaded not guilty. By indictment in case Number 6128, Perez and John Doe Chocolate were accused of committing a like offense on February 9, 1957; Perez pleaded not guilty. Trial of the two cases was to the court; the court found Perez guilty as charged in the indictments and sentenced him to state prison for the terms prescribed by law. Perez appeals from the judgments of conviction. Although there are separate appeals the cases were tried together and the appeals are presented on a single transcript.

Richard Velasquez, an undercover narcotic inspector for the State of California was the chief witness for the People. The following is the substance of his testimony. At 3:30 p. m. on February 3, 1957, Velasquez went to the El Rancho Café on East Second Street in Los Angeles, where he met Perez, who was seated at the bar; he knew Perez slightly as "Johnny." The officer asked appellant "if he had anything"; appellant said that he did and asked Velasquez how much he wanted. The officer replied that he wanted half a gram. Appellant pointed to Romero Rivera, who was seated nearby, and told Velasquez to go to a liquor store on the corner of San Pedro and Second Streets and wait for Rivera. Velasquez went to the liquor store; Rivera arrived shortly thereafter. The officer handed Rivera $12 and received in exchange a small paper bindle which was proved to contain heroin. Velasquez testified: "I asked him if Johnny had sent him, and he said yes, that he was Johnny's boy, and that the next time I wanted anything, for me to contact him, and that his name was Boche."

At 2:45 p. m. on February 7th, Velasquez returned to the café, where he met Perez and Rivera. The officer asked appellant what kind of a deal he would give for $100 and Perez replied that he would give seven grams. Appellant said that he could obtain the seven grams that day but Velasquez said it would take him several days to obtain the money. The officer

then asked Perez if he had anything; appellant said that he did and asked Velasquez how much he wanted; the officer replied that he wanted half a gram. Appellant told Rivera to "give him a half" and Rivera instructed Velasquez to go to the Atomic Café, which was located on South San Pedro Street. Velasquez went to the café. After a few minutes, Rivera arrived and asked him for the money. The officer handed him $12. Rivera went to the rear of the building and returned with a package wrapped in a razor blade wrapper, which he gave to Velasquez. The package was proved to contain heroin.

At 11:30 a. m. on February 9th, Velasquez went back to the El Rancho Café, where he met appellant. The two men left the café and entered a 1955 Ford automobile, license Number MAS 867. Appellant drove Velasquez to the corner of Court and Hope Streets. The two men got out of the car and walked to the northwest corner; Perez removed a loose brick from a wall, reached in and took out a package wrapped in wax paper. They returned to the car. Appellant opened the package, displayed three bindles and said "There's three here." Perez placed the package under the front seat, drove to the intersection of San Pedro and Azusa Streets and parked the car on a parking lot. Appellant told Velasquez that he was going after the other four bindles and instructed him to give the money to a man called "Chocolate." Perez then left the car, taking the package with him. A few minutes after appellant's departure, a Mexican approached Velasquez and asked him for the money. The officer inquired if Johnny had sent him and the man replied: "Yes, that he was Chocolate." Chocolate led Velasquez to the west side of San Pedro Street; he pointed to a Chesterfield package on the sidewalk and said "There it is." Velasquez picked up the package, handed Chocolate $100 and left. Inside the package were seven bindles containing a substance which was proved to be heroin. The three packages of heroin purchased by Velasquez were received in evidence without objection.

Romero Rivera was called as a witness for the defense. As previously mentioned, Rivera had pleaded guilty to two narcotics offenses involving the transactions that allegedly occurred February 3d and 7th. Rivera testified that he sold a half gram of heroin to Velasquez on each of the two days. He stated that the heroin was his and that he did not obtain it from Perez. Rivera denied talking to appellant about obtaining narcotics for Velasquez and denied talking to Velasquez

about obtaining narcotics from appellant; Perez was not present during his conversations with the officer.

Appellant testified, in his own behalf, that he had no narcotics in his possession, that he did not talk to Velasquez on February 3d and 7th, he received no money from the officer and he did not tell Rivera to give narcotics to Velasquez. He was employed as a bartender at the El Rancho Café; on February 9th he arrived at the establishment between 8:30 and 9 a. m.; he did not recall seeing Velasquez on the premises and he did not leave the café at any time until he quit work between 3 and 4 the following morning.

Two patrons of the El Rancho Café testified on behalf of appellant that they were playing pool at the café from about 10:30 a. m. until after 3 p. m. on February 9th; Perez was tending bar and they did not see him leave the premises. A part-time employee at the café, one Sanchez, stated that "I seen him [appellant] for a while" that morning; he did not see Velasquez.

Roy Wells, a narcotic inspector for the State of California, was called by the People in rebuttal. Wells testified that he observed Velasquez leaving the café in the company of appellant shortly before noon on February 9th; Perez was wearing a beige suit. The witness saw them enter a 1955 Ford, license Number MAS 867. He followed the car to Court and Hope Streets and watched the two men walk to a brick wall, return to the car and drive away. He attempted unsuccessfully to keep the Ford under observation.

Appellant, testifying in surrebuttal, denied owning a beige suit, but admitted driving a Ford automobile, license Number MAS 867, to work on February 9th. Officer Velasquez was also called as a witness on surrebuttal. He testified that he made a search of appellant's home at the time of his arrest but did not notice a beige suit in his wardrobe; Perez was wearing a light brown suit on February 9th.

Upon request for appointment of counsel on the present appeals the court referred the matters to the Los Angeles Bar Association Committee on Criminal Appeals for report to the court as to possible merit in the appeals. The matters were assigned to a member of the committee who has made written report to the court stating that the record had been examined and that in the opinion of the attorney it disclosed no meritorious ground of appeal. After we had examined the record, which contains ample evidence of appellant's guilt and shows

that no objection was made to the receipt or exclusion of evidence, the request for appointment of counsel was denied. Appellant was duly so advised and his time to file a brief was substantially extended. No brief has been filed. In accordance with our usual practice we have made a thorough study of the record. We have discovered no insufficiency of the evidence and no error at the trial.

The evidence was sufficient to establish appellant's guilt of the three offenses charged in the indictments. The testimony of Velasquez and the reasonable inferences warranted the court in finding that appellant was in possession of narcotics, that he agreed to sell them to the officer, and that he furnished the heroin which his confederates delivered to Velasquez. Although appellant denied selling any narcotics and Rivera testified that appellant did not participate in the transactions occurring February 3d and 7th, the court was not required, as a matter of law, to give credence to their testimony. (*People* v. *Pastrana*, 136 Cal.App.2d 358 [288 P.2d 568].) The statements of the other defense witnesses that they did not see appellant leave the El Rancho Café on the morning of February 9th created only a conflict in the evidence, which the court resolved against Perez.

Appellant was represented by counsel at the trial and a reading of the transcript leaves us in no doubt that he received an able and vigorous defense.

The judgments are affirmed.

Wood (Parker), J., and Patrosso, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.