[Crim. No. 6377.   Second Dist., Div. Three.   Mar. 10, 1959.]

THE PEOPLE, Respondent, v. EDD P. STEPHENS,
Appellant.

Edd P. Stephens, in pro. per., for Appellant.

No appearance for Respondent.

SHINN, P. J.—In a court trial, Edd P. Stephens was convicted of assaulting Daniel Kohlmeyer with a deadly weapon and was sentenced to state prison.   He appeals from the judgment.

Upon application of appellant for appointment of counsel the matter was referred to the Committee on Criminal Appeals of the Los Angeles Bar Association with a request for a report which would direct our attention to any matter disclosed by the record which would indicate that the applicant might be entitled to some relief.   This is a voluntary and valuable service which has been rendered by the association for many years.   Upon receipt of a report from a member of the committee that no meritorious ground of appeal had been

found, and in accordance with our settled practice, we examined the record in order to ascertain whether appointment of counsel would serve any useful purpose. Having determined that the appeal appeared to be without merit we denied the application for appointment of counsel and notified appellant of our order, substantially extending his time to file a brief. No brief having been filed, we have reexamined the record and are disposing of the appeal by written opinion. Such has been our practice for many years.

Kohlmeyer was the only witness for the People. He testified that on the evening of February 7, 1958, he entered a barroom in Los Angeles and sat down at the bar. Appellant was also seated at the bar, drinking a bottle of beer and making a slight disturbance. A quarrel arose between Stephens and a woman at the door of the establishment; appellant was "pushing her around." Kohlmeyer went to the woman's assistance, whereupon appellant hit him in the face and pushed him down the street. Kohlmeyer retaliated until appellant knocked him down. Kohlmeyer was cut severely in the abdomen, for which surgery was required.

Appellant was represented at the trial by a deputy public defender. He testified in his own defense that he had been drinking heavily. He remembered being at the bar but had no recollection of scuffling with a woman or fighting with Kohlmeyer. He did not have a knife when he entered the establishment, nor did he have one when he was arrested. After his arrest, he was treated for a broken nose and various minor injuries; he did not remember how he came to be injured. On cross-examination, he admitted having suffered a prior felony conviction in Kentucky for which he was confined in a reformatory and there was evidence of another felony conviction. The court made no finding as to the former convictions.

Although there was no direct evidence that appellant had a knife in his possession, the only reasonable conclusion was that he stabbed Kohlmeyer with a knife. (*People* v. *Guiterrez*, 140 Cal.App. 720 [35 P.2d 1046] ; *People* v. *Urrutia*, 58 Cal.App.2d 468 [137 P.2d 48].) Even if the court had believed appellant was intoxicated this would not have constituted a defense. The People were not required to prove that he had formulated a specific intent to injure Kohlmeyer. (*People* v. *Laya*, 123 Cal.App.2d 7, 15 [266 P.2d 157], and cases cited.)

The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.