[Crim. No. 6587.   Second Dist., Div. Three.   July 29, 1959.]

THE PEOPLE, Respondent, v. HOWARD RICHARD BARRERA, Appellant.

Howard Richard Barrera, in pro. per., for Appellant.

No appearance for Respondent.

SHINN, P. J.—In a court trial upon an information charging him in Count I with possessing marijuana and in Count II with selling and furnishing marijuana, Howard Richard Barrera was found guilty of Count II and Count I was dismissed in the interests of justice.  He appeals from the judgment.

Upon application of appellant for appointment of counsel the matter was referred to the Committee on Criminal Appeals of the Los Angeles Bar Association with a request for a report which would direct our attention to any matter disclosed by the record which would indicate that the applicant might be entitled to some relief.  Upon receipt of a

report from a member of the committee that no meritorious ground of appeal had been found, and in accordance with our settled practice, we examined the record in order to ascertain whether appointment of counsel would serve any useful purpose. Having determined that the appeal appeared to be without merit we denied the application for appointment of counsel and notified appellant of our order, substantially extending his time to file a brief. No brief having been filed, we have reexamined the record and are disposing of the appeal by written opinion.

The evidence consisted of that received at the preliminary hearing and additional evidence introduced at the trial. Leo Berman, a Los Angeles County sheriff's deputy, testified that he made arrangements with Michael Mosca to buy two tins of marijuana. On July 23, 1958, he went to Mosca's house, where he met Mosca and a man named Walker. The three men got into Berman's car and drove to an address in Lennox mentioned by Mosca; Berman gave Mosca two ten dollar bills. Upon their arrival, Mosca got out of the car, entered a house and returned after a few minutes, stating that his connection was not there. Mosca then directed Berman to an apartment house in Inglewood. Mosca entered the premises and returned a few minutes later in the company of appellant. After Mosca introduced Barrera to Berman, the latter asked appellant to purchase two tins of marijuana for him. Barrera told him to drive to another location in Inglewood; the officer complied. As appellant got out of the car, he said: "I will see what I can do, I don't know whether this fellow has anything." When Barrera returned he got into the back seat of the car and handed to Mosca two wax paper bags, which Mosca handed to Officer Berman; the bags were proved to contain marijuana. Appellant told Berman: "These might be a little short but it's the best I can do."

Mosca was called as a witness for the People at the preliminary hearing. In response to questioning by the deputy district attorney, he admitted being in the company of Officer Berman on July 23d and admitted meeting appellant. However, he denied that Berman had given him any money and when asked whether he was present when Barrera returned to the car with the two packages of marijuana he denied having seen anything. The deputy stated that he was surprised by this testimony of the witness and sought leave to ask leading questions; appellant objected; after some dis-

cussion between the court and counsel the objection was sustained.

At the trial, Mosca was called as a witness for the defense. It was made to appear that he was under commitment to the Youth Authority for a narcotics violation. Mosca testified that he accompanied Berman and Walker on their search for marijuana. He had previously accompanied the officer and had been present on occasions when narcotics were sold to others. He asked Barrera whether he could obtain marijuana for Berman and appellant said he did not know but he would try to get some. Barrera did not hand him any marijuana and he did not hand any to the officer. Although he was sitting next to appellant in the back seat of the car he did not see any marijuana in Barrera's possession. He first testified that Berman gave him two ten dollar bills and that he returned them to the officer but on cross-examination he stated that his testimony was mistaken and that Berman had given him the money on a previous occasion.

Appellant testified in his own behalf that he did not sell any marijuana to Mosca and was not in possession of marijuana on July 23d. Berman and Mosca asked him to contact a seller of narcotics and he tried to do so, but marijuana was unavailable at the Inglewood location he visited. He received no money from Mosca and nothing was promised him in exchange for his services.

■ As mentioned earlier, Barrera was convicted of selling and furnishing marijuana and the possession count was dismissed. The evidence was amply sufficient to establish his guilt of furnishing contraband. It was a reasonable inference from the testimony of Officer Berman that Mosca gave appellant the $20 he received from the officer and that appellant returned with marijuana which he obtained from an anonymous seller. The court rejected the testimony of Barrera and Mosca and gave full credit to the testimony of Berman. We can do no less. (*People* v. *Pastrana*, 136 Cal.App.2d 358 [288 P.2d 568].) ■ In view of appellant's admitted willingness to place Berman in contact with a seller of narcotics, there was no basis for a contention that he was entrapped into committing the offense. Barrera was ably represented by a deputy public defender and the case was tried without error.

The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.