[Crim. No. 6522.   Second Dist., Div. Three.   Sept. 14, 1959.]

THE PEOPLE, Respondent, v. JEAN PIERRE MILLER, Appellant.

Jean Pierre Miller, in pro. per., for Appellant.

No appearance for Respondent.

SHINN, P. J.—In a jury trial, Jean Pierre Miller was convicted of two offenses of second degree burglary and probation was granted on condition that he serve one year in the county jail. Miller appeals from the judgment.

There was evidence of the following facts. On the morning of April 2, 1958, two cameras were found to be missing from the Baldwin-Gruber camera store in Los Angeles; on the morning of April 6th, an expensive camera and some camera accessories were found to be missing from the Bel Air camera store in Westwood. In each case, entry had been effected by throwing a rock through a display window.

At about 3:30 a. m. on the morning of April 7th, Officer Bolander of the Beverly Hills Police Department was on duty in a patrol car at the intersection of Wilshire Boulevard and Rodeo Drive in Beverly Hills. He saw a 1941 Plymouth sedan going west on Wilshire; the car had no front license plate and no 1958 tag on the rear license plate. There were two men in the Plymouth, Miller and his codefendant Lowell Akui, who subsequently pleaded guilty to the Baldwin-Gruber burglary.

Officer Bolander testified that as he approached the car the occupants appeared to be struggling. He asked them if they owned the car and both men denied owning it. At Bolander's request, Miller and Akui alighted from the car and the officer looked for the registration slip but did not find one. He observed a rubber glove on the front seat, four yellow pages from a classified telephone directory stuck over the visor on the passenger's side, a box of tools on the back seat and seven rocks on the floorboards of the car. (The pages from the telephone directory contained a list of camera stores in the Los Angeles area.) When asked why the rocks were in the car, appellant told Bolander that the car had bad brakes and he used them to block the wheels. Upon checking with the Department of Motor Vehicles, the officer ascertained that the license plate on the Plymouth belonged to another car which was registered to Akui. He then took Miller and Akui into custody.

Captain Ray W. Borders of the Beverly Hills Police Department testified that he had a conversation with appellant on the morning of April 7th at the police station. When asked what he was doing in Beverly Hills at 3:30 a. m., Miller replied that he was looking for a camera store to burglarize. Appellant then told the officer that he and Akui had recently burglarized camera stores in Los Angeles and Westwood and that he was keeping the stolen merchandise in his apartment. At the request of Captain Borders, Miller signed a typewritten statement giving the officers permission to search his apartment. Borders went to the premises where

he found three cameras and some camera equipment which were subsequently identified as being the items missing from the two stores.

Detective Hooper of the Los Angeles Police Department was one of the investigating officers in the case. He testified that he had a conversation with appellant at the detective bureau on April 8th or 9th in the presence of Officer Langworthy and that Miller admitted his guilt of the burglaries. At appellant's request, the testimony of Officer Langworthy elicited at the preliminary hearing was read in evidence; Langworthy's testimony related to the conversation described by Hooper. Langworthy, Hooper and Borders testified that Miller's statements to them were freely and voluntarily made.

Appellant took the stand and denied committing the burglaries. He likewise denied making the statements attributed to him by Captain Borders. He admitted confessing his guilt to Detective Hooper, but stated that he did so because Hooper struck him with his fists. He obtained the cameras and the accessories from Akui, who came to his apartment and asked if he could store them there. This testimony of Miller was corroborated by Richard Bozulich and Bernard Egbert, who stated that they were present in appellant's apartment when Akui arrived with the merchandise. Akui testified for the defense that he was solely responsible for burglarizing the stores and that he told Miller he had purchased the cameras for $77. Detective Hooper was called by the People in rebuttal and denied striking Miller.

Upon application of appellant for appointment of counsel, we followed our usual procedure. (See *People* v. *Perez,* 162 Cal.App.2d 650 [328 P.2d 512]; *People* v. *Stephens,* 168 Cal.App.2d 557 [336 P.2d 221].) Having determined that the appointment of an attorney would serve no useful purpose, we denied the application and extended Miller's time to file a brief. Although no brief has been filed we are disposing of the appeal on the merits.

There was sufficient evidence to prove Miller guilty of burglary. The jury could reasonably infer that the store windows were broken by rocks taken from the collection in the Plymouth and that the stores were selected from the pages of the telephone directory found in the car. The fact that appellant was in possession of the stolen goods within a few days after the thefts together with the evidence of his admissions to the investigating officers amply warranted the

jury in finding that he perpetrated the offenses. (*People* v. *Ramirez,* 101 Cal.App.2d 50 [224 P.2d 878].)

The stolen cameras and the items found in the car were received in evidence without objection. In the absence of a proper objection in the trial court, the admissibility of the evidence may not be questioned on the appeal. (3 Cal. Jur.2d 634.)

The record discloses that a deputy public defender was appointed to represent Miller and Akui. At the time of trial and immediately following entry of the latter's plea of guilty to the Baldwin-Gruber burglary, appellant informed the court that he no longer wished to be represented by the deputy because of a claimed conflict of interests between himself and Akui. The deputy was relieved of his appointment at appellant's request and Miller acted as his own attorney at the trial; Miller was represented by private counsel at the hearing upon his application for probation. There was no disregard of appellant's right to representation.

The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.