[Crim. No. 6726. Second Dist., Div. Three. Nov. 3, 1959.]

THE PEOPLE, Respondent, v. VERDA MARIE MOORE, Appellant.

Verda Marie Moore, in pro. per., for Appellant.

No appearance for Respondent.

SHINN, P. J.—In a jury trial, Verda Marie Moore was found guilty of three offenses of issuing checks without sufficient funds. (Pen. Code, § 476a.) She appeals from the judgment and the denial of her motion for new trial.

Appellant operated a television repair business under a fictitious firm name and maintained a bank account in the name of the firm. Each of the three checks was in the amount of $75 and was payable to appellant. At her direction the checks were made out by the bookkeeper and appellant signed and negotiated them, receiving from retail merchants various

items of merchandise and the balance in cash. The checks were dishonored by the bank and were still unpaid at the time of trial, more than six months later, although appellant testified that she had offered to make them good. Appellant also testified that she did not know there were insufficient funds in the account to pay the checks and that she had been willing to do so at any time. However, it was brought out upon her cross-examination that she had never looked at the bank statements and that following her arrest in the present case, she cashed 12 other checks which were dishonored and never paid. There was also evidence that a salary check paid to a former employe of the firm had been dishonored prior to the issuance of the three checks in question and was made good four months later only after the employe complained to the Labor Commission.

Upon application of appellant for appointment of counsel, we followed our usual procedure. (See *People* v. *Perez,* 162 Cal.App.2d 650 [328 P.2d 512] ; *People* v. *Stephens,* 168 Cal. App.2d 557 [336 P.2d 221].) Having determined that the appointment of an attorney would serve no useful purpose, we denied the application and extended appellant's time to file a brief. No brief having been filed, we are disposing of the appeal on the merits.

▮ There was sufficient evidence to establish appellant's guilt of the three offenses. The only factual question at the trial was whether she cashed the checks with a fraudulent intent. The testimony respecting the employe's check was admissible as tending to show her guilty knowledge (*People* v. *Weir,* 30 Cal.App. 766 [159 P. 442] ; *People* v. *Bercovitz,* 163 Cal. 636 [126 P. 479, 43 L.R.A. N.S. 667]), and in view of that testimony, together with her admissions on cross-examination, we cannot say that there was no evidence from which the jury could conclude that appellant acted with an intent to defraud.

Appellant was represented by counsel at the trial and received an able and vigorous defense. The case was tried without error.

The judgment and order appealed from are affirmed.

Vallée, J., concurred.