[Crim. No. 6848.   Second Dist., Div. Three.   Feb. 8, 1960.]

THE PEOPLE, Respondent, v. JAMES HENNING et al., Defendants; JAMES D. RICHARDS, Appellant.

James D. Richards, in pro. per., for Appellant.

No appearance for Respondent.

SHINN, P. J.—James D. Richards and James Henning were accused of grand theft of an automobile from Rosina Point and in a separate count of violation of section 503 of the Vehicle Code in that they did wilfully, unlawfully and feloniously take from Rosina Point the said automobile. Richards was accused of having suffered a former felony conviction, which he admitted. A jury trial resulted in the conviction of the defendants; Richards was found not guilty under Count I and guilty under Count II. At the trial Richards declined the services of an attorney and elected to represent himself. He appeals from the judgment and from an order denying his motion for a new trial. Upon defendant's application for appointment of counsel, we followed our usual practice. (*People v. Perez,* 162 Cal.App.2d 650 [328 P.2d 512].) Our own examination of the record disclosed that appointment of counsel would be of no benefit to defendant or to the court; appointment of counsel was denied, defendant was duly notified, afforded an opportunity to file a brief and no brief has been filed.

There was evidence of the following facts: A Chevrolet belonging to Mrs. Point was stolen from a parking lot in Los Angeles on February 7th; the following evening it was found parked at Amboy, California. Richards was at the wheel; six other adults and a young child were in the car; four males, including Henning, and three females. All the adults were arrested. Officer Jones of the San Bernardino Sheriff's Office later had a conversation with Richards. When asked whether he had stolen the car Richards said "Yes and no"; that Henning had taken the car but he, Richards, wired it over and drove it because Henning did not have a driver's license. Richards said: "I stole it in Los Angeles, and it was stolen in Los Angeles near Angel's Flight." There was no ignition key in the car and it had been wired to start without a key. Officer Meyers testified that he had two conversations with Richards. In the first Richards said that Henning had the car and picked up all the people who were found in the car; Richards said he was intending to go to Oakland and see his

sister but that they got on the wrong freeway and ended up in San Bernardino County. A second conversation with Richards was in the presence of Henning. Henning said he went to the parking lot and started to wire the car. He could not get it started. Richards finished wiring it and drove it out. Meyers asked Richards if that was about right and Richards said: "Well, I guess so." Richards did not take the stand. He produced as his witness, Robert Wayne Ethell, who was one of the occupants of the car. He testified that Henning said he could get a car from a friend. He left and came back with a car, picked up Ethell and the other people, including Mr. and Mrs. Richards. Ethell, who was in custody after a felony conviction, had discussed the case with Richards concerning the testimony he was about to give that Henning brought the car to the apartment.

Defendant Henning, called by appellant, testified that he first saw the car in front of an apartment house where Ethell was living. In the apartment were William Johnson and his wife, Mrs. Richards, Ethell and Marie Martelle. All got into the car. Richards took the wheel and drove. This is the substance of the defense that was offered.

There was ample proof of defendant's guilt. The trial was conducted without error.

The order denying motion for a new trial and the judgment are affirmed.

Vallée, J., and Ford, J., concurred.