PEOPLE v. FEIN. (No. 5835.)

(Supreme Court, Appellate Division, First Department. May 29, 1914.)

ASSAULT AND BATTERY (§ 92*)—PROSECUTION—SUFFICIENCY OF EVIDENCE—DEGREE OF OFFENSE.

   Where the evidence showed that the defendant struck the prosecuting witness on the ear with his hand, but did not show that the witness was wounded in any way, or that severe pain was inflicted, or even that the blow itself was a severe one, the defendant cannot be convicted of assault in the second degree under Penal Law (Consol. Laws, c. 40) § 242, subd. 3, providing that one who willfully or wrongfully wounds or inflicts grievous bodily harm upon another is guilty of assault in the second degree.

   [Ed. Note.—For other cases, see Assault and Battery, Cent. Dig. §§ 137–139; Dec. Dig. § 92.*]

Appeal from Court of General Sessions, New York County.

Benjamin Fein was convicted of assault in the second degree, and he appeals. Reversed and remanded.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Charles G. F. Wahle, of New York City, for appellant.
Robert C. Taylor, of New York City, for respondent.

DOWLING, J.   We are satisfied upon this record that the complaining witness, Sergeant Sheridan, was assaulted by the defendant in the manner described by the complainant.   But the only testimony which indicates the nature of the assault made upon him is that the defendant struck Sheridan in the ear.   Concededly, there was no weapon in the defendant's hand at the time.   There is an absence of any proof that the complainant was wounded in any way; or that blood was caused to flow; or that the skin was broken; or that any injury whatever was caused to him thereby; or that severe pain was inflicted; or even that the blow itself was a severe one.   The defendant has been convicted of assault in the second degree under subdivision 3, § 242, of the Penal Law, which renders liable for assault in the second degree one who "willfully and wrongfully wounds or inflicts grievous bodily harm upon another, either with or without a weapon."   While the defendant was proven guilty of an assault, the testimony fails to disclose the presence of the necessary element of wounding or inflicting grievous bodily harm.   It was therefore an assault in the third degree only, and the defendant's conviction of the higher grade of crime cannot be sustained.   Against the conclusion thus reached, the district attorney has found himself unable to present any argument.

The judgment of conviction will therefore be reversed, and a new trial ordered.   All concur.