J. Irwin Shapiro, J.
At the time of sentence the defendant moved to set aside the verdict whereby the jury found him guilty of assault in the second degree (2 counts)., and the court in denying the motion and sentencing the defendant stated that its opinion of denial was already prepared and merely required typing and would be handed down in the course of the day.
*928 This is the opinion:
In substance, the respective counts of the indictment (3rd and 5th) charge that on or about July 10, 1963, in the County of Kings, defendant assaulted each of two named persons in that he willfully and wrongfully wounded and inflicted grievous bodily harm upon them with a loaded, sawed-off rifle. So far as the motion may be deemed to be grounded upon alleged insufficiency of the evidence to support the verdict, it is without merit. To the contrary of defendant’s contention, the evidence, though circumstantial, convincingly established beyond reasonable doubt that each of the victims named in the respective counts was calculatedly wounded by the intentional discharge of a firearm held in defendant’s hands and deliberately aimed at them. Obviously, the jury accepted the pertinent testimony of the prosecution’s witnesses as credible.
Upon that premise, it is implicit in the verdict that the jury found the following facts. On the evening of July 10, 1963 one of the victims, Peter Serra, was seated in front of No. 150 and his friend, Louis Cuomo, was seated in front of No. 152 Fourth Avenue. Defendant, in the company of about six other youths, approached them. This defendant had something wrapped up in his hand. Serra and Cuomo apparently anticipated what was about to happen, but while Serra was trying to make his way into the hallway he turned, saw a flash of light, and was wounded. Cuomo was also wounded by the same “blast”. Defendant then turned toward a group of youths on the opposite side of the street. Their attention had been commanded by the first “blast” and one, at least, had just seen his friend Louis Cuomo hold his face and fall into the garbage cans. He then saw this defendant, with something wrapped around his arm; he saw a flash and was himself wounded in the stomach. One of this youth’s companions saw that the defendant had something under his coat “ and pulled it up like that * * * and then I saw a bunch of sparks # * and then he turned to us * * * I got hit and fell in the hall.” Some, if not most of the witnesses, had substituted conclusion for observation (“ couldn’t see the gun because it was all wrapped up ”) but actually, there was no witness who could or would say that he saw a gun in defendant’s hands. They were in complete accord, however, that this defendant was the only one who had anything in his hand, that the flashes or blasts resulted in the virtually instantaneous wounding of the persons at whom the defendant was pointing and that such flashes or blasts came from the point where defendant was standing. Under these circumstances the jury could properly *929 conclude, as charged in the indictment, that defendant had assaulted each of these boys by pointing, aiming and discharging at him, a firearm of some description. The fact that no specific weapon was produced and identified as the one employed to commit the assault did not foreclose the jury from finding the essential facts upon the circumstantial evidence. “ (t)he references thereto during the trial, the description * * * of the instrument used in making the assault, and evidence of the resulting injuries ” justified an inference as to its type (People v. Carr, 131 Cal. App. 644). The nature of the wounds, together with the direct testimony was sufficient to prove that the assault was committed with a weapon of the type alleged, even without direct testimony that any such weapon was seen in defendant’s hand (People v. Gutierrez, 140 Cal. App. 720 ; People v. Urrutia, 58 Cal. App. 2d 468. See, also, Dickson v. State, 230 Ark. 491; People v. Grandi, 33 Cal. App. 637; State v. Welch, 311 Mo. 476; State v. Conwell, 36 N. M. 253; State v. Martines, 57 N. M. 174; Reardon v. State, 51 Okla. Cr. 432; Cloudy v. State, 142 Tex. Cr. Rep. 211). Nor wasi the proof at “ variance ” with the allegations of the indictment, in any such sense or to any such extent, as could have misled the defendant, to his prejudice, in meeting the charges made.
By the provisions of the statute (Penal Law, § 242, subd. 3) guilt is attached to the willful and wrongful wounding or infliction of grievous bodily harm upon the person of another, with or without a weapon. One or the other of these effects must have been shown to have been caused (People v. Fein, 162 App. Div. 765, 766) by the criminal actor’s unlawful violence, employed with that specific intent (People v. Kats, 290 N. Y. 361, 363-366). Therefore, the allegation, in this case, of the weapon employed amounted to nothing more than a statement of “the name or description of * * * [a] thing” (Code Grim. Pro., § 293), and the reference to the weapon was, merely one of the 1 ‘ details which are proper in alleging and describing the crime, but which surround and in some degree characterize, rather than constitute the real substance and body of, the offense charged” (People v. Geyer, 196 N. Y. 364, 367). The use of a weapon was not necessary to constitute the crime (People v. Polsinelli, 14 A D 2d 470). But even if it were to be concluded that “ the indictment * * * with unnecessary particularity describes the offense, thereby making the means by which it was committed material ’ ’ a conviction may be sustained upon a showing that the offense was committed either with the implement charged “ or [an] other instrument falling within its class ” (Wilson v. State, 7 Ala. App. 66, 67). It *930 makes no difference therefore, that the evidence did not establish the use of a sawed-off rifle, as alleged in the indictment. It is sufficient that the implement employed was shown to have been a firearm of some description, falling within the general class of the weapon alleged in the indictment. Basically, the same consideration disposes of defendant’s contention that the dismissal of the seventh count of the indictment (accusing him of unlawful possession of a sawed-off rifle, as an independent crime) strengthens his challenge to the verdict. At most, the dismissal of the seventh count amounted to an acquittal of an accusation that the defendant unlawfully possessed a specific firearm, or at least a specific type, at the time and place in question. It certainly did not adjudicate it as a fact, that defendant was not armed with a firearm of any description whatever. The District Attorney is directed to submit an order on this determination.