In the Matter of Frank R. Klein, Petitioner, v. John M. Murtagh et al., Respondents. Norman Archer, Intervenor.

In the Matter of Leon Wasserberger, Petitioner, v. Justices of the New York Supreme Court of Queens County et al., Respondents. Norman Archer, Intervenor.

Second Department, May 20, 1974.

*Shea, Gould, Climenko & Kramer* (*Milton S. Gould* and *Ronald H. Alenstein* of counsel), for Frank R. Klein, petitioner.

*Gasthalter & Pollok* for Leon Wasserberger, petitioner.

*Irving Anolik* for intervenor.

*Maurice H. Nadjari, Deputy Attorney-General — Special State Prosecutor* (*Stephen P. Sawyer* and *Walter F. Bottger* of counsel), respondent in person.

*Louis J. Lefkowitz, Attorney-General,* for John M. Murtagh, respondent.

MUNDER, J. The proceeding by petitioner Frank R. Klein, pursuant to article 78 of the CPLR in the nature of prohibition, is to prevent the respondents from prosecuting him under an indictment returned by the Extraordinary Special Grand Jury in Queens County. Two others also named in the indictment, Leon Wasserberger and Norman Archer, are seeking the same relief. Wasserberger has brought a separate article 78 proceeding and Archer has made motions to intervene in the two proceedings. Since the three individuals, their contentions and the relief they seek are intertwined, we have consolidated the two article 78 proceedings and granted Archer's motions to intervene.

The issue presented is whether prosecution of these three individuals under the Queens indictment is barred by reason of double jeopardy.

Prior to the return of the indictment under consideration here, Klein, Wasserberger and Archer were indicted by Federal authorities for alleged violation of section 1952 of title 18 of the United States Code, the so-called Travel Act. They were tried and convicted by a jury in the United States District Court for the Southern District of New York on January 29, 1973. The convictions, however, were overturned by the Court of

Appeals, Second Circuit, with instructions that the indictment be dismissed (*United States* v. *Archer,* 486 F. 2d 670). The Court of Appeals, in a sharp opinion by Judge FRIENDLY, made very clear that the basis for reversal was the prosecution's failure to provide the "Federal" element of the crime charged, i.e., that the Government had failed to establish that the defendants "used a facility in interstate or foreign commerce, for the purposes listed in § 1952 (a) (3), in a sufficiently meaningful way to subject themselves to liability under the statute" (p. 680).

The petitioners and the intervenor contend in this court that to permit the State prosecution to continue will subject them to a second prosecution for the "same offense" in violation of the Federal and State Constitutions, as well as CPL 40.20. This is not so. We need not engage in any painstaking comparison between the two indictments to reach the conclusion that the overt acts or transactions for which Klein and the others were tried in the Federal court are substantially the same as those for which they now face trial under the Queens indictment. But that does not mean the offenses charged are the same offenses as that term is used in the context of double jeopardy. Subdivision 1 of CPL 40.20 prescribes the New York double jeopardy doctrine in its purest and simplest form. It states that "a person may not be twice prosecuted for the same offense." This means the same in both fact and law (see Practice Commentary in McKinney's Cons. Laws of N. Y., Book 11A, CPL 1 to 169, p. 105; Rothblatt, Criminal Law of New York, p. 57). It is interesting, in fathoming legislative intent, to see that a preliminary draft of the Criminal Procedure Law contained a provision defining "same offense" as two prosecutions "based upon a violation of the same statutory provision and upon the same facts" (see CPL 20.10, subd. 1; Proposed New York Criminal Procedure Law, 1967 draft, prepared by the Temporary Commission on Revision of the Penal Law and Criminal Code). In subdivision 1 of CPL 40.10 the term "offense" is defined as "committed whenever any conduct is performed which violates a statutory provision defining an offense; and when the same conduct or criminal transaction violates two or more such statutory provisions each such violation constitutes a separate and distinct offense."

At bar, the prosecutions are not the same in law because they are based upon separate and distinct statutes, namely, section 1952 of title 18 of the United States Code and sections 105.05, 200.00, 200.10, 200.20, 200.25 of the New York Penal Law. What is really happening is that the petitioners are being prose-

cuted for *two* different offenses based upon the same act or criminal transaction. Under the circumstances of this case, the second prosecution is *not* violative of any constitutional or statutory protection.

The Supreme Court of the United States squarely held in *Bartkus* v. *Illinois* (359 U. S. 121) that an acquittal in a Federal court of an alleged violation of a Federal statute, followed by prosecution in a State court, under State law, for the same acts, is not violative of the Fifth Amendment proscription against double jeopardy. In a companion case, *Abbate* v. *United States* (359 U. S. 187), the court held that the converse was also true, namely, a prior State prosecution did not bar a subsequent Federal prosecution for the same acts. To prohibit a State from prosecuting a defendant after a Federal prosecution would, to use the words of Mr. Justice FRANKFURTER in speaking for the majority in *Bartkus* (p. 137), " be a shocking and untoward deprivation of the historic right and obligation of the States to maintain peace and order within their confines. It would be in derogation of our federal system to displace the reserved power of States over state offenses by reason of prosecution of minor federal offenses by federal authorities beyond the control of the States ". The doctrine underlying *Bartkus* and *Abbate* is known as separate or dual sovereignty (see 3 Wharton's Criminal Evidence [13th ed.], § 661).

The doctrine has *not* been discarded by the Supreme Court despite cases such as *Benton* v. *Maryland* (395 U. S. 784), which held the double jeopary provisions of the Fifth Amendment to be applicable to the States, and *Murphy* v. *Waterfront Comm. of N. Y. Harbor* (378 U. S. 52), which held the granting of immunity by a State to a witness in a State prosecution prohibited the Federal Government from using the witness' testimony in a Federal prosecution. These decisions have been cited by some as evidence that dual sovereignty has come into " serious question " or is experiencing some erosion (see Pitler, New York Criminal Practice Under the CPL, p. 63; *Martin* v. *Rose,* 481 F. 2d 658, 660), but the fact remains that it is still a viable doctrine. It was recently acknowledged, although not specifically passed upon, in *Waller* v. *Florida* (397 U. S. 387, 394) and, as stated in *Martin* v. *Rose* (*supra,* p. 660), " we find that the Federal courts still recognize and affirm the continuing validity of *Bartkus* [citations omitted]."

On this point, the Court of Appeals for the Second Circuit recently stated in *United States* v. *Barone* (467 F. 2d 247, 250): " Appellants also claim that they were twice placed in jeopardy

by being subjected to trial in a federal court after they were convicted of the same gambling offenses in a prior state proceeding. This argument is conclusively foreclosed by Abbate v. United States, 359 U. S. 187, 79 S. Ct. 666. 3 L. Ed. 2d 729 (1959), and, contrary to appellants' argument, we find no evidence that the holding of that case has been ' eroded '."

In an earlier case in which the double jeopardy argument was similarly raised by a defendant complaining of successive State and Federal prosecutions, the Court of Appeals for the Second Circuit in *United States* v. *Feinberg* (383 F. 2d 60, 71, cert. den. 389 U. S. 1044) said:

" The first branch of this argument may be summarily dismissed by noting that neither of the essential elements of a plea of double jeopardy, i.e., *an identity of successive sovereigns,* Abbate v. United States, 359 U. S. 187, 79 S. Ct. 666, 3 L. Ed. 2d 729 (1959); United States v. Wapnick, 315 F. 2d 96 (2 Cir. 1963), cert. denied, 374 U. S. 829, 83 S. Ct. 1868, 10 L. Ed. 2d 1052 (1965), and an identity of alleged offenses, 2 Wharton's Criminal Evidence, §§ 650, n. 20 (1966 Supp.), 653; Williams v. United States, 179 F. 2d 644, 649 (5 Cir. 1950); United States v. Kramer, 289 F. 2d 909, 913 (2 Cir. 1961), are present here " [emphasis added].

The court also rejected a claim of collateral estoppel, which is often intertwined with double jeopardy (see *Ashe* v. *Swenson,* 397 U. S. 436), with the following comments (*United States* v. *Feinberg, supra,* p. 71):

" While the doctrine of collateral estoppel is indeed applicable to criminal cases, *Sealfon* v. *United States,* 332 U. S. 575, 578, 68 S. Ct. 237, 92 L. Ed. 180 (1948), the party estopped from relitigating the same issues must have been a party to the initial litigation * * * [citations omitted]. *There is insufficient identity of interest between the state and federal governments in prosecuting intrastate and interstate offenses,* respectively, United States v. Sutton, 245 F. Supp. 357, 359–360 (D. Md. 1965), *to warrant treating the Government here as a party, or even as privy, to appellant's initial litigation which resulted in the prior acquittal in the state court* " [emphasis added].

In addition to the Fifth Amendment to the Federal Constitution, the protection of the individual against double jeopardy is also preserved by our State Constitution (N. Y. Const., art I, § 6). It is left to the State Legislature, however, to precisely define the concept and to prescribe the circumstances or kinds of situations to which it applies (*People* v. *Fernandez,* 43 A D

2d 83, 87). That has been done in CPL 40.20. As noted above, subdivision 1 of that section contains the double jeopardy concept in its most basic form: " A person may not be twice prosecuted for the same offense." For the reasons stated above, I do not believe that subdivision is applicable. Subdivision 2 of that section provides that " a person may not be separately prosecuted for two offenses based upon the same act or criminal transaction unless " the situation falls within one of six enumerated exceptions (pars. [a] to [f], inclusive).

In my view, the situation at bar falls within the exception spelled out in paragraph (f) and for that reason double jeopardy is not present. Paragraph (f) states, in effect, that a person *may* be separately prosecuted for two offenses based upon the same act or criminal transaction if: " One of the offenses consists of a violation of a statutory provision of another jurisdiction, which offense has been prosecuted in such other jurisdiction and has there been terminated by a court order expressly founded upon insufficiency of evidence to establish some element of such offense which is not an element of the other offense, defined by the laws of this state ".

That is exactly what occurred here. The Federal offense was terminated by the United States Court of Appeals expressly upon the ground of insufficient evidence to show use of interstate facilities, which is not an essential element of the crimes for which the petitioners are being prosecuted under the State Penal Law. Under these narrow circumstances, subsequent prosecution in the New York courts is permitted (see Practice Commentary in McKinney's Cons. Laws of N. Y., Book 11A, CPL 1 to 169, p. 108).

The petitioners and the intervenor contend that paragraph (f) is unconstitutional because it denies them equal protection of the law. They claim they are treated differently than a defendant who is acquitted by a jury. That may be so, but that does not make the treatment given to them unconstitutional. Strictly speaking, in view of the doctrine of dual sovereignty, New York is constitutionally free to prosecute a defendant despite a prior Federal prosecution. The same act obviously may constitute two offenses, one against the United States and one against New York. Factually, the New York courts do not recognize the dual sovereignty doctrine, but this is due to statutory law, not the Constitution (see *People* v. *Lo Cicero,* 14 N Y 2d 374; see, also, *Matter of Abraham* v. *Justices of N. Y. Supreme Ct. of Bronx County,* 43 A D 2d 414). That New York has expanded the constitutional protection against double

jeopardy, by statute, is to its credit, but the fact that some persons benefit by this expansion, while the three individuals at bar do not, is no basis for a claim that they are being denied constitutional rights. By enacting CPL 40.20, the Legislature has given statutory protection to some who do not come within the umbrella of the Fifth Amendment. By listing six specific exceptions, the Legislature made clear, however, that it was not giving *carte blanche* to all. Since the instant case clearly comes within paragraph (f), and since paragraph (f) cannot be unconstitutional because it is beyond what the Supreme Court of the United States in *Bartkus* and *Abbate* (*supra*) has declared is required, there is no other conclusion but that the attempt to prohibit the State prosecution should be rejected.

Klein, Wasserberger and Archer cite several New York cases, including some recent ones decided by this court, to support the claim of double jeopardy (e.g., *People* v. *Lo Cicero, supra*; *Matter of Brighenti* v. *Judges of New York Supreme Ct. of Richmond County*, 41 A D 2d 209; *Matter of Cirillo* v. *Justices of the Supreme Ct. of State of N. Y.*, 43 A D 2d 4; *People* v. *Fernandez*, 43 A D 2d 83). These cases are not in point since none of them dealt with the specific paragraph (f) with which we are here concerned. For instance, in *People* v. *Lo Cicero* (*supra*) the issue was whether a prior Federal prosecution (and acquittal) for obstructing by robbery the movement of goods in interstate commerce (U. S. Code, tit. 18, § 1951) came within the provisions of section 33 of the former Penal Law and section 139 of the former Code of Criminal Procedure, so as to bar a subsequent State prosecution arising out of the same transaction. Both statutes, in effect, barred prosecutions in New York when there had been a prior conviction or acquittal in another state, territory or country. It was held that " the United States comes within the definition of ' another state or country ' as used in the two relevant statutes ", and that therefore double jeopardy did attach (*People* v. *Lo Cicero*, 14 N Y 2d 374, 379, *supra*). Neither statute contained any exception to the rule or protection contained therein and the court made clear that it was not inclined " to narrow its application by exceptions based on an ambiguity of statutory draftsmanship " (*People* v. *Lo Cicero, supra*, p. 378). This is in sharp contrast with CPL 40.20, which precisely defines the double jeopardy rule in New York and the situations to which it applies. The exception specified in paragraph (f) of subdivision 2 of CPL 40.20 is one situation in which the rule does *not* apply.

In *Matter of Brighenti* v. *Judges of N. Y. Supreme Ct. of Richmond County* (41 A D 2d 209, *supra*) there was no consideration whatsoever of any of the exceptions of subdivision 2 of CPL 40.20. The sole question was whether a Federal conviction under subdivision (e) of section 2113 of title 18 of the United States Code, i.e., bank robbery involving forcible accompaniment without consent (kidnapping), barred a subsequent prosecution in New York charging kidnapping under sections 135.25 and 135.20 of the Penal Law. We held, in an opinion by Mr. Justice BRENNAN, that prosecution was barred because there was " substantial identity " (p. 212) between the Federal crime (for which the petitioners had been convicted and incarcerated) and the State crime for which New York sought to bring them to trial.

In *People* v. *Fernandez* (43 A D 2d 83, 90, *supra*), which involved an attempt at successive State prosecutions — not Federal and State — the opinion written by Mr. Justice HOPKINS for a unanimous court thoroughly examined several of the exceptions under subdivision 2 of CPL 40.20 and found *none* of them applicable. That being so, we reversed a conviction for crimes arsing out of the same incident for which the defendant had previously been acquitted, and dismissed the indictment on the ground of double jeopardy.

In *Matter of Cirillo* v. *Justices of Supreme Ct. of State of N. Y.* (43 A D 2d 4, *supra*) this court considered the application of paragraph (c) of subdivision 2 of CPL 40.20. That paragraph provides that a person may not be prosecuted for two offenses based upon the same act or criminal transaction *unless* " one of such offenses consists of criminal possession of contraband matter and the other offense is one involving the use of such contraband matter, *other than a sale thereof* " [emphasis added]. The petitioner, Cirillo, had been convicted in a Federal court under a multicount indictment charging possession with intent to distribute and distribution of heroin on or about January 18, 1973, and an attempt to distribute heroin and conspiracy to distribute heroin on or about March 15, 1973. The court carefully compared the Federal charges with those for which the petitioner stood indicted in New York and concluded that two of the three counts in the State indictment could not be prosecuted by reason of double jeopardy, because they involved the same criminal transaction and involved a " sale " within the meaning of the language underscored above in paragraph (c) of subdivision 2 of CPL 40.20. The significant aspect about the *Cirillo* case is that we did not *completely* bar the subsequent

State prosecution, for the concluding paragraph of Mr. Justice SHAPIRO's opinion noted as follows (p. 8):

" The third count of the State indictment charges criminal possession of a dangerous drug in the sixth degree, in that Cirillo unlawfully possessed *cocaine* on March 15, 1973. Since none of the counts in the Federal indictment deals with cocaine, the trial of Cirillo on that count of the Kings County indictment would not subject him to double jeopardy " (emphasis in original).

The above cases illustrate that the New York courts are very sensitive about and careful to protect against the subjection of a person to double jeopardy (see, also, *Matter of Abraham v. Justices of N. Y. Supreme Ct. of Bronx County,* 43 A D 2d 414, *supra*). But where, as here, by paragraph (f) of subdivision 2 of CPL 40.20 the Legislature has specifically authorized a second prosecution where the prior prosecution by another sovereign jurisdiction has been terminated expressly because of the insufficiency of evidence required to establish an element of the crime in the other jurisdiction, and that element is not essential in the prosecution in this State, our courts should not preclude it.

For the reasons set out above, the petitions should be dismissed on the merits, without costs.

SHAPIRO, Acting P. J. (concurring). I concur in the carefully considered opinion of Mr. Justice MUNDER, but I should like to make it clear that in dismissing the petitions we have not reached or passed upon the petitioners' contention that the lawless conduct of the investigators in this case is so offensive to the administration of justice and to prevailing standards of decent behavior that this prosecution should be barred.

While I am in general agreement with the disapproval voiced by Judge FRIENDLY in *United States v. Archer* (486 F. 2d 670) of the prosecutorial conduct of the Government (both State and Federal), the question of whether such conduct constituted government induced criminality (*Sherman v. United States,* 356 U. S. 369), or was otherwise of such a nature as to violate principles of fundamental fairness sufficient to preclude the prosecution of the petitioners (*Rochin v. California,* 342 U. S. 165), or whether the indictment should be dismissed in the interest of justice (CPL 210.40), should be decided at the trial level on a full record containing all the essential facts showing the manner in which the events leading to the prosecution of the petitioners were planned and carried out. The determination

of those questions cannot properly be made on an application for an order in the nature of prohibition.

CHRIST, J. (dissenting). The Fifth Amendment to the Constitution of the United States provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb". This has become commonly known as a prohibition against double jeopardy and is applicable to the States through the Fourteenth Amendment (*Benton* v. *Maryland,* 395 U. S. 784). The protection of the individual against double jeopardy is also safeguarded by our own State Constitution (N. Y. Const., art. I, § 6); and, where a defendant in a criminal action will be put in double jeopardy by a second prosecution of the same offense, a writ of prohibition will issue to bar the second prosecution (*Matter of Kraemer* v. *County Court of Suffolk County,* 6 N Y 2d 363; *Matter of Ferraro* v. *Supreme Court, County of Queens,* 36 A D 2d 841). The facts here set forth compel the issuance of a writ of prohibition.

The two-count Federal indictment under which the petitioners were previously tried charged a violation of section 1952 of title 18 of the United States Code, also known as the Travel Act, and a conspiracy to commit the same. In essence, the Travel Act makes it a Federal crime to travel, or use any facility, in interstate or foreign commerce, to promote any "unlawful activity". The term "unlawful activity" is defined to include bribery in violation of the laws of the State in which committed. The Federal indictment here alleged a conspiracy to use and unlawful use of a facility in interstate and foreign commerce, to wit, the telephone, with intent to promote and carry on an unlawful activity, to wit, bribery in violation of sections 200.00 and 200.10 of the New York State Penal Law. Thus, because of the very nature and language of the Travel Act, the Federal indictment necessarily charged, and, more important, the evidence upon the Federal trial necessarily proved, the express violation of the bribery provisions of the New York State Penal Law. Indeed, the express basis of this Federal prosecution was a *State* crime, which allegedly became a Federal offense only because the telephone was used to aid in committing it, the calls, themselves, not constituting any independent crime. The subsequent reversal of the petitioners' convictions and the dismissal of the indictment being based solely upon the failure to prove a crime against the United States, it is manifest that the instant State indictment now charges the "same offense" as that upon which the petitioners were tried and convicted in the Federal District Court. Since

any further prosecution of the former will subject the petitioners to double jeopardy in violation of their constitutional and statutory rights (U. S. Const., 5th Amdt.; N. Y. Const., art. I, § 6; CPL 40.20, subd. 1), an order in the nature of prohibition should issue. The exception to the bar against successive prosecutions embraced by the majority herein is simply inapplicable to the peculiar facts of this case.

Fundamental fairness demands that a prohibition order issue. The bar against successive prosecutions for the same act or criminal transaction, much less for the same offense, is the general rule in this State, not the exception (CPL 40.20). It is, of course, undisputed that the State and Federal indictments are based upon the same act or criminal transaction and it was conceded, upon oral argument, that the evidence upon the State trial will be almost identical to that presented upon the Federal trial. The great power of the State and Federal Governments, respectively, to compel an individual to defend himself before the bar of criminal justice does not legitimize the old adage: If at first you don't succeed, try, try again. The petitioners have already once been forced to defend themselves on the very charge now alleged in the State indictment. That was a lengthy and, no doubt, expensive trial. Now, they are faced with another lengthy and expensive trial in a State court and, perhaps, further appeals, too. To permit this second prosecution to proceed would be totally unjust, especially as, to use the words of the Second Circuit Court of Appeals, the Federal Government, itself, "set up" this crime by "causing the bribery of a state assistant district attorney by a scheme which involved lying to New York police officers and perjury before New York judges and grand jurors" (*United States* v. *Archer*, 486 F. 2d 670, 672). The petitioners have a constitutional right "not to be harassed, or perhaps even impoverished, by successive prosecutions for the same offense" (*Matter of Ferlito* v. *Judges of County Court, Suffolk County*, 39 A D 2d 17, 21, affd. 31 N Y 2d 416).

Shapiro, Acting P. J., and Cohalan, J., concur with Munder, J., Shapiro, Acting P. J., with a separate opinion, in which Cohalan and Munder, JJ., concur. Christ, J., dissents and votes to grant the petitions, with an opinion, in which Benjamin, J., concurs.

Petitions dismissed on the merits, without costs.