■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD CLOYCE, Appellant. [633 NYS2d 13] —Judgment, Supreme Court, New York County (Richard Andrias, J.), rendered August 12, 1993, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term of $2\frac{1}{2}$ to 5 years, unanimously affirmed.

We reject defendant's contention that his arraignment on the People's allegation of a prior conviction was procedurally improper. It is true that CPL 200.60 (3) provides that the court

must arraign a defendant on a special information charging conviction on a previous offense "before the close of the people's case". However, that requirement was waived by the defense because it stated before trial that the allegation in the special information would not be contested and explicitly consented to having the arraignment conducted after the summations were completed. Moreover, contrary to defendant's argument on appeal, defendant admitted to the court pursuant to CPL 200.60 (3) that he had been convicted of the prior offense.

We have considered defendant's remaining contentions, including those raised in his *pro se* supplemental brief, and find them to be without merit. Concur—Kupferman, J. P., Asch, Williams and Tom, JJ.