■ In the Matter of the Estate of EDWARD M. STANLEY, Deceased. SAUL B. SCHWARZ, Appellant; BANK OF NEW YORK, Respondent. [665 NYS2d 840] —Order, Surrogate's Court, New York County (Renee Roth, S.), entered September 23, 1996, which refused to entertain appellant's application pursuant to SCPA 2111 for advance payment of compensation for legal services rendered as an attorney-fiduciary, and advised that no such applications would be entertained in the future, unanimously affirmed, without costs.

The Surrogate properly exercised her discretion in refusing to entertain appellant's application for interim fees, and directing that any further application for fees be made on notice pursuant SCPA 2110, in view of the pendency of a contested accounting proceeding that would likely result in a better understanding of the value of both the estate and appellant's services (see, SCPA 2101 [1] [b]). Concur—Sullivan, J. P., Williams, Mazzarelli, Andrias and Colabella, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY SANTIAGO, Also Known as HARRY SANTANA, Appellant. [664 NYS2d 771] —Judgment, Supreme Court, Bronx County (Denis Boyle, J.), rendered June 26, 1995, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term of 2½ to 5 years, unanimously affirmed.

Defendant failed to preserve his claim pursuant to CPL 200.60 that the court failed to follow the proper procedures for use of a prior conviction to elevate the level of a crime (People v Strange, 194 AD2d 474, lv denied 82 NY2d 727) and we decline to review it in the interest of justice. Were we to review it, we would find it to be without merit. Since defense counsel stated on three occasions that defendant was not going to dispute a prior conviction elevating the weapon charge to a felony, and that the People were not obligated to prove that defendant had a prior conviction, there was no need for the court to again offer defendant an opportunity to admit or deny the previous conviction as contemplated by CPL 200.60 (3) (People v Reid, 232 AD2d 173, 174, lv denied 90 NY2d 862).

The challenged portion of the ballistic expert's testimony did not deprive defendant of a fair trial. Concur—Sullivan, J. P., Williams, Mazzarelli, Andrias and Colabella, JJ.