■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM WYNN, Appellant. [716 NYS2d 238] —Judgment unanimously affirmed. Memorandum: We reject defendant's contention that there was a variance between the allegations in the second count of the indictment and the People's proof at trial. The second count, charging robbery in the first degree (Penal Law § 160.15 [4]), alleges that defendant "displayed what appeared to be a pistol, revolver or other firearm, to wit a rifle." Proof at trial that the firearm displayed by defendant was a sawed-off rifle did not vary from that allegation so as to violate "defendant's right to fair notice of the charges or his right to have those charges preferred by the Grand Jury rather than by the prosecutor at trial" (*People v Grega,* 72 NY2d 489, 496; *cf., People v Alexander,* 42 Misc 2d 927, 929-930, *affd* 24 AD2d 934). Nor did the reference by County Court to the sawed-off rifle in its instructions to the jury on the second count result in an impermissible amendment of the indictment (*see, People v Spann,* 56 NY2d 469, 473).

The court properly denied the request of defendant for a missing witness charge with respect to two men who were with

him on the day of the robbery. Defendant failed to make a prima facie showing that those men would be expected to provide testimony favorable to the prosecution (*see, People v Macana,* 84 NY2d 173, 177; *People v Gonzalez,* 68 NY2d 424, 427-428). Moreover, those men were accomplices likely to invoke the Fifth Amendment privilege if called to testify (*see, People v Macana, supra,* at 177-178; *People v Batson,* 219 AD2d 538, 539, *lv denied* 87 NY2d 844). The court also properly permitted the People to elicit testimony regarding threats made to a witness by defendant's girlfriend, followed by appropriate limiting instructions to the jury (*see, People v Rivera,* 160 AD2d 267, 271). Finally, the sentence is not unduly harsh or severe. (Appeal from Judgment of Monroe County Court, Connell, J.— Robbery, 1st Degree.) Present—Green, J. P., Pine, Hayes, Scudder and Lawton, JJ.