■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SUCRE PENA, Appellant. [717 NYS2d 535] —Judgment, Supreme Court, New York County (Marcy Kahn, J.), rendered on or about July 6, 1998, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted. (*See, Anders v California*, 386 US 738; *People v Saunders*, 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal.

Pursuant to CPL 460.20, defendant has the right to apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within thirty (30) days after service of a copy of this order, with notice of entry.

Denial of the application for permission to appeal by the Judge or Justice first applied to is final and no new application may thereafter be made to any other Judge or Justice.

We have considered the arguments raised in defendant's *pro se* supplemental brief and find them to be without merit. Concur—Sullivan, P. J., Rosenberger, Williams, Ellerin and Andrias, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR PENA, Appellant. [718 NYS2d 169] —Judgment, Supreme Court, New York County (Harold Beeler, J.), rendered March 6, 1998, convicting defendant, after a jury trial, of criminal contempt in the first degree, and sentencing him to a term of 1⅓ to 4 years, unanimously affirmed.

In this domestic violence case, the court properly exercised its discretion in admitting carefully limited evidence of defendant's pattern of abusive conduct. This evidence was admissible to complete the narrative and to provide necessary background information explaining the conduct of the complainant and defendant and was relevant to issues raised by defendant (*see, People v Steinberg*, 170 AD2d 50, 72-74, *affd* 79 NY2d 673). Furthermore, any undue prejudice was prevented by the court's appropriate limiting instructions. Defendant's related contentions concerning the prosecutor's summation and the court's charge are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them.

We perceive no basis for reduction of sentence. Concur—Sullivan, P. J., Rosenberger, Williams, Ellerin and Andrias, JJ.