■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROMAN MIENKO, Appellant. [725 NYS2d 2] —Judgment, Supreme Court, New York County (Bernard Fried, J.), rendered April 20, 1998, convicting defendant, after a jury trial, of two counts of criminal contempt in the first degree, and sentencing him, as a second felony offender, to concurrent terms of 2 to 4 years, unanimously affirmed.

Defendant's claim that the court failed to follow the procedure set forth in CPL 200.60 with regard to use of a prior conviction to elevate the level of the crime is unpreserved (*see,*

*People v Santiago*, 244 AD2d 263, *lv denied* 91 NY2d 879; *People v Strange*, 194 AD2d 474, *lv denied* 82 NY2d 727; *see also, People v Padro*, 75 NY2d 820), and we decline to review it in the interest of justice. Were we to review this claim, we would find it to be without merit. Defense counsel consented to pre-trial arraignment on the information, stated on four occasions that defendant was not disputing his prior conviction and declined the court's offer to revisit the issue during trial. Furthermore, the conviction was admitted by defendant himself (*see, People v Reid*, 232 AD2d 173, 174, *lv denied* 90 NY2d 862; *People v Cloyce*, 220 AD2d 329).

The court properly exercised its discretion in admitting limited evidence of defendant's pattern of abusive conduct toward the complainant. This evidence was necessary background information and was admissible to explain the conduct of the parties (*see, People v Berry*, 278 AD2d 52; *People v Pena*, 278 AD2d 78; *People v Steinberg*, 170 AD2d 50, 72-74, *affd* 79 NY2d 673).

The court's *Sandoval* ruling, permitting questioning regarding defendant's previous convictions for attempted assault and criminal contempt but precluding the People from eliciting the underlying facts as well as various uncharged misconduct unless defendant opened the door, balanced the appropriate factors and was a proper exercise of discretion (*see, People v Walker*, 83 NY2d 455, 458-459; *People v Mattiace*, 77 NY2d 269, 275-276; *People v Pavao*, 59 NY2d 282, 292).

Defendant's right to present a defense was not improperly limited by the court's *Molineux* and *Sandoval* rulings, nor by its determination that defendant could not rely upon the existence of a child custody petition alone to establish his motives for approaching complainant, without some evidence linking the petition to his conduct (*see, People v Reynoso*, 73 NY2d 816, 818).

Defendant's application pursuant to *Batson v Kentucky* (476 US 79) was properly denied. The record supports the court's determination that the prosecutor provided race- and gender-neutral reasons for the peremptory challenges in question and those findings are entitled to great deference on appeal (*see, People v Hernandez*, 75 NY2d 350, *affd* 500 US 352). Defendant's claim that the court was required to set forth a more definite statement of its reasons for finding the People's proffered reasons pretextual is unpreserved (*see, People v Swails*, 250 AD2d 503, *lv denied* 92 NY2d 906), and we decline to review it in the interest of justice. Concur—Williams, J. P., Ellerin, Wallach, Lerner and Rubin, JJ.