In the Matter of CARMINE POLITO et al., Petitioners, v JOHN P. WALSH et al., Respondents. [823 NYS2d 92]—

Proceeding pursuant to CPLR article 78 in the nature of prohibition to bar the respondents from proceeding with the trial in the criminal action entitled *People v Polito and Fortunato,* pending in the Supreme Court, Kings County, under indictment No. 3713/05, charging the petitioners with murder in the second degree, on the ground that the trial would violate the prohibition against double jeopardy.

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.

The petitioners, Carmine Polito and Mario Fortunato, were indicted by federal authorities for, inter alia, allegedly committing a violent crime in aid of racketeering activity (hereinafter VCAR) under 18 USC § 1959. Count III of the indictment accused the petitioners of the knowing and intentional murder of Sabatino Lombardi on November 30, 1994 in aid of racketeering activity, "in violation of New York Penal Law Sections 125.25 and 20.00." They were tried by a jury in the United States District Court for the Eastern District of New York, and on January 28, 2003 convicted on all counts. The United States Court of Appeals for the Second Circuit overturned, inter alia, the VCAR conviction (see United States v Bruno, 383 F3d 65 [2004]), the sole basis for reversal being that the evidence was legally insufficient to establish that either petitioner committed the shooting "for the purpose of . . . maintaining or increasing position in an enterprise engaged in racketeering activity" (18 USC § 1959 [a]; see United States v Bruno, supra at 81-86). In other words, the VCAR conviction was overturned because of the failure to establish one of the elements of the federal offense.

Thereafter, on June 13, 2005 the petitioners were indicted in Kings County for murder in the second degree. The accusation was the same in fact as the accusation for the murder element of the federal indictment, i.e., that the petitioners intentionally caused the death of Sabatino Lombardi by shooting him with a handgun on November 30, 1994. The petitioners now contend that the state prosecution should be prohibited on the ground of double jeopardy, pursuant to CPL 40.20 (1), since murder in the second degree is the "same offense" as the federal VCAR offense. We disagree.

As a preliminary matter, the petitioners all but concede that CPL 40.20 (2) does not bar the state prosecution since the exception in CPL 40.20 (2) (f) is clearly applicable.

Beginning our analysis with the double jeopardy statute, CPL 40.20 (1) provides that "[a] person may not be twice prosecuted for the same offense." It embodies the double jeopardy doctrine in its truest and simplest form (see Matter of Klein v Murtagh, 44 AD2d 465 [1974], affd 34 NY2d 988 [1974]). CPL 40.20 (2), by contrast, was adopted by the Legislature to broaden the doctrine in New York to provide comprehensive protection against separate prosecutions for "two offenses based upon the same act or criminal transaction" (CPL 40.20 [2]; see People v Latham, 83 NY2d 233, 237 [1994]). Thus, in light of the broad protection prescribed in CPL 40.20 (2), to construe the phrase "same offense" too broadly in subdivision (1) would render this

language meaningless, as it would provide coextensive protection with subdivision (2). To this end, the Court of Appeals has concluded that to constitute the "same offense," the offenses must have "essentially the same statutory elements or one must be a lesser included offense of the other" (*Matter of Corbin v Hillery,* 74 NY2d 279, 289 [1989], *affd sub nom. Grady v Corbin,* 495 US 508 [1990]; *see Matter of Booth v Clary,* 83 NY2d 675, 679 [1994]). The term "same" in the statute means the same in both law and fact (*see Matter of Klein v Murtagh,* 44 AD2d 465, 467 [1974], *affd* 34 NY2d 988 [1974]).

Applying this legal principle and analysis to the case at bar leads to a comparison of the VCAR statute and the murder in the second degree statute which is telling. The VCAR statute, 18 USC § 1959 (a) (1), provides that: "Whoever, as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value from an enterprise engaged in racketeering activity, or for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity, murders, kidnaps, maims, assaults with a dangerous weapon, commits assault resulting in serious bodily injury upon, or threatens to commit a crime of violence against any individual in violation of the laws of any State or the United States, or attempts or conspires so to do, shall be punished for murder, by death or life imprisonment, or a fine under this title, or both." The New York murder in the second degree statute, Penal Law § 125.25 (1), provides that: "A person is guilty of murder in the second degree when . . . [w]ith intent to cause the death of another person, he causes the death of such person or of a third person."

It is uncontroverted that the facts of the VCAR offense and the murder offense are the same, i.e., both are based upon the shooting of Lombardi on November 30, 1994. However, the offenses are not the same in law since the federal statute includes essential elements not present in the state statute (*see Matter of Klein v Murtagh, supra*). To establish a VCAR violation, it must be demonstrated, inter alia, that an enterprise exists, and that the violent crime was committed to maintain or increase the defendant's position in the enterprise (*see* 18 USC § 1959). These are not elements of murder in the second degree.

Moreover, although murder in the second degree was the underlying basis for the alleged VCAR violation, the murder offense cannot be deemed a lesser included offense of the VCAR offense. CPL 1.20 (37) provides that "[w]hen it is impossible to commit a particular crime without concomitantly committing, by the same conduct, another offense of lesser grade or degree,

the latter is, with respect to the former, a 'lesser included offense.' " To establish that a crime is a lesser included offense, it must be, inter alia, theoretically impossible to commit the greater crime without at the same time committing the lesser (*see People v Glover,* 57 NY2d 61, 63-64 [1982]).

Murder is not the only crime which may serve as a basis for a VCAR violation since the statute lists other offenses, such as kidnapping, assault, or maiming, which may constitute the underlying criminal element of the statute (*see* 18 USC § 1959). Indeed, the United States Supreme Court has noted that where the greater offense does not always entail proof of the alleged lesser offense, then the two offenses are not the "same" under the double jeopardy standard delineated in *Blockburger v United States* (284 US 299 [1932]) (*see Illinois v Vitale,* 447 US 410, 419 [1980]; *cf. United States v Boylan,* 620 F2d 359, 361 [1980] [no indication that predicate acts of a RICO offense were intended to be lesser included offenses barring state prosecution for those acts on the ground of double jeopardy]). Therefore, murder is not a lesser included offense, as defined in this state, of VCAR (*see People v Prescott,* 66 NY2d 216, 221 [1985], *cert denied* 475 US 1150 [1986], citing *Illinois v Vitale, supra*).

We further reject the petitioners' contention that murder is a "species" of a lesser included offense of VCAR. To adopt this contention would place too broad a scope on the protection of CPL 40.20 (1), thereby rendering its language coterminous with that of CPL 40.20 (2), in derogation of statutory construction. We also note that the petitioners' reliance on *People v Bokun* (145 Misc 2d 860 [1989]), is misplaced. The *Bokun* court held that CPL 40.20 (1) barred prosecution of the defendant for murder where he was tried and convicted in federal court for the same murder as a predicate act of racketeering under the Federal Racketeer Influenced and Corrupt Organizations Act (18 USC § 1961-1968) (hereinafter RICO). However, the Appellate Division, First Department, in *Matter of Cooper v Sheindlin* (154 AD2d 288 [1989]), decided less than three weeks before *Bokun,* concluded that RICO charges for which murders were the predicate offenses did not bar, on double jeopardy grounds under CPL 40.20 (1), a state prosecution for those same murders.

Accordingly, there is no double jeopardy bar to prosecuting the petitioners for the act that served as the basis for the alleged VCAR violation, since the offenses do not constitute the "same offense" under CPL 40.20 (1). Florio, J.P., Skelos, Fisher and Lunn, JJ., concur.