THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD CONYERS, Appellant. [824 NYS2d 301]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rosenzweig, J.), rendered May 12, 2004, convicting him of assault in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. Justice Dillon has been substituted for former Justice Cozier (*see* 22 NYCRR 670.1 [c]).

Ordered that the judgment is affirmed.

The defendant stabbed the complainant after the two men became involved in an altercation. During the altercation, the defendant's sister made two 911 emergency calls—one requesting police assistance and one requesting an ambulance. The People sought to introduce the tape recordings of the 911 calls into evidence. The defendant objected, contending, inter alia, that the admission of the tapes would violate his Sixth Amendment right to confrontation if his sister did not testify. The defendant's sister did not testify, and the trial court admitted the tape recordings under the excited utterance and present sense impression exceptions to the hearsay rule.

Initially, we note that the defendant's contention that the 911 calls were "testimonial" in nature under *Crawford v Washington* (541 US 36 [2004]) is preserved for appellate review (*see People v Hardy*, 4 NY3d 192, 197 n 3 [2005]). However, contrary to the defendant's contention, the 911 calls were not "testimonial" within the meaning of *Crawford*. In further elucidating the *Crawford* standard, the United States Supreme Court recently held that statements made to law enforcement personnel during a 911 call are nontestimonial where the objective circumstances indicate that the primary purpose of the police questioning during the call was to enable assistance during an ongoing emergency, rather than to establish some past fact (*see Davis v Washington*, 547 US —, —, 126 S Ct 2266, 2276-2277 [2006]). Here, the 911 calls were made to obtain police assistance and the statements did not result from questioning designed to establish or prove a past fact (*see id; see also People v Marino*, 21 AD3d 430, 431 [2005]; *People v Coleman*, 16 AD3d 254 [2005]). Therefore, the admission of the tape recordings did not violate the defendant's Sixth Amendment right to confrontation within the meaning of *Crawford* and its progeny. Krausman, J.P., Skelos, Lunn and Dillon, JJ., concur.