THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID WARD, Appellant. [868 NYS2d 297]—

The defendant's contention that the Supreme Court improperly allowed the People to amend the indictment to change the description of the weapon possessed on one of the charged counts (*see* Penal Law §§ 265.01, 265.02 [1]) from a switchblade knife to a gravity knife is without merit (*see* CPL 200.70; *People v Wynn*, 277 AD2d 946 [2000]; *People v Hood*, 194 AD2d 556 [1993]). The People's theory of prosecution did not change since they still needed to show that the defendant possessed a knife that was a per se illegal weapon (*see* Penal Law § 265.01). Further, the defendant failed to show that he was prejudiced by the amendment of the indictment (*see People v Logan*, 19 AD3d 939, 942 [2005]; *People v Sage*, 204 AD2d 746, 747 [1994]).

The defendant claims that the testimony regarding a report of "shots fired," based upon a 911 call, violated his rights under the Confrontation Clause of the Sixth Amendment to the United States Constitution. Since the defendant failed to object with specificity that the challenged statements violated his Sixth Amendment right to confront witnesses against him, his contention is unpreserved for appellate review (*see People v Gray,* 86 NY2d 10 [1995]; *People v F & S Auto Parts, Inc.,* 24 AD3d 795 [2005]; *People v Bones,* 17 AD3d 689, 690 [2005]). In any event, statements contained in 911 calls made to obtain police assistance for an ongoing emergency are not necessarily testimonial in nature and do not violate the Confrontation Clause (*see Davis v Washington,* 547 US 813, 827-828 [2006]; *People v Conyers,* 33 AD3d 929 [2006]; *People v Marino,* 21 AD3d 430 [2005], *cert denied* 548 US 908 [2006]).

Further, the defendant failed to preserve his contention pursuant to CPL 200.60 (3) that the court failed to follow the proper procedures for use of a prior conviction to elevate the level of a charged crime (*see* CPL 470.05 [2]; *People v Santiago,* 244 AD2d 263 [1997]). Indeed, the defendant waived the procedural requirements when, before trial, he stipulated to the correctness of his prior convictions, as enumerated in a special information that the People filed with the court. The stipulation obviated any need for the court to offer him another opportunity to admit or deny the convictions (*see People v Santiago,* 244 AD2d 263 [1997]; *People v Reid,* 232 AD2d 173 [1996]; *People v Cloyce,* 220 AD2d 329 [1995]).

Further, the jury properly convicted the defendant of two separate offenses (*see* Penal Law § 265.02 [1]; former § 265.02 [4]) involving possession of the same firearm. When the same conduct or criminal transaction violates two or more statutory provisions, each violation constitutes a separate and distinct offense (*see* CPL 40.10 [1]; *Matter of Klein v Murtagh,* 44 AD2d 465, 467-468 [1974], *affd* 34 NY2d 988 [1974]).

The police had probable cause to arrest the defendant (*see* CPL 140.10 [1]; *People v Bigelow,* 66 NY2d 417, 423 [1985]; *People v Coulanges,* 264 AD2d 853 [1999]; *People v Harrington,* 163 AD2d 327 [1990]). Accordingly, the Supreme Court properly denied that branch of his omnibus motion which was to suppress physical evidence. Rivera, J.P., Dillon, Covello and McCarthy, JJ., concur.