■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HASSAN ALLEN, Appellant. [966 NYS2d 525]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Aloise, J.), rendered January 26, 2012, convicting him of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish that he possessed the gun recovered by the police is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that the evidence was legally sufficient to establish that the defendant possessed the gun (*see People v Almonte*, 23 AD3d 392 [2005]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Contrary to the defendant's

contentions, the testimony offered by the People's witnesses was not so improbable or unreliable that it could not be credited (*see People v Fields*, 28 AD3d 789, 790 [2006]). Indeed, any discrepancies or inconsistencies in the testimony were matters to be considered by the jury in assessing the credibility of the witnesses (*see People v Almonte*, 23 AD3d at 393).

The defendant also failed to preserve for appellate review his contention, based on CPL 200.60 (3), that the Supreme Court failed to follow the proper procedures for use of a prior conviction to elevate the level of a charged crime (*see* CPL 470.05 [2]; *People v Ward*, 57 AD3d 582, 583 [2008]; *People v Santiago*, 244 AD2d 263 [1997]). In any event, this contention is without merit. Since the defendant had previously stipulated to the correctness of his prior conviction, as enumerated in a special information filed by the People, and since defense counsel successfully moved, at the time of the *Sandoval* hearing (*see People v Sandoval*, 34 NY2d 371 [1974]), to preclude the People from making reference to that prior conviction, there was no need for the court to offer the defendant another opportunity to admit that prior conviction (*see People v Ward*, 57 AD3d at 583; *People v Santiago*, 244 AD2d at 263; *People v Reid*, 232 AD2d 173 [1996]; *People v Cloyce*, 220 AD2d 329 [1995]).

The defendant's remaining contention is without merit. Balkin, J.P., Hall, Lott and Miller, JJ., concur.