People v Durham (2018 NY Slip Op 01267)





People v Durham


2018 NY Slip Op 01267


Decided on February 22, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 22, 2018

Friedman, J.P., Sweeny, Kahn, Singh, Moulton, JJ.


5809 4845/14

[*1]The People of the State of New York, Respondent,
v
Andre Durham, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Jan Hoth of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Amanda K. Regan of counsel), for respondent.



Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered September 8, 2105, as amended September 29, 2015, convicting defendant, after a nonjury trial, of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term of two to four years, unanimously affirmed. The matter is remitted to Supreme Court for further proceedings pursuant to CPL 460.50(5).
Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters outside the record concerning counsel's choice of cross-examination strategy at the suppression hearing (see People v Rivera , 71 NY2d 705, 709 [1988]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento , 91 NY2d 708, 713-714 [1998]; Strickland v Washington , 466 US 668 [1984]). It was a reasonable strategy for counsel, rather than simply relying on the alleged deficiencies in the arresting officer's direct testimony, to cross-examine the officer about his ability to recognize the knife he saw defendant holding as a gravity knife. Moreover, defendant was not prejudiced by that strategy. The direct testimony established several lawful justifications for the police action, and the record does not support defendant's assertion that the allegedly improvident cross-examination enabled the People to avoid suppression of the knife. Defendant did not preserve his claim that the court failed to follow the procedure set forth in CPL 200.60 with regard to the use of a prior conviction to elevate the level of the crime charged (see People v Mienko , 282 AD2d 283, 283-284 [1st Dept 2001], lv denied 96 NY2d 904 [2001]), and we decline to review it in the interest of justice. As an alternative holding, we find that the use of a stipulation to establish the prior conviction was appropriate under the circumstances, and there was no prejudice to defendant. To the extent that defendant raises an issue of ineffective assistance of his counsel as to this claim, has not made a CPL 440.10 motion. To the extent the existing record permits review, we find that defendant [*2]received effective assistance under the state and federal standards (see People v Benevento , 91 NY2d 708, 713-714 [1998]; Strickland v Washington , 466 US 668 [1984]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 22, 2018
CLERK