People v Shabazz (2024 NY Slip Op 05114)

People v Shabazz

2024 NY Slip Op 05114

Decided on October 16, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 16, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2022-10229
 (Ind. No. 813/20)

[*1]The People of the State of New York, respondent,
v
Hakeem Shabazz, appellant.

Rosenberg Law Firm, Brooklyn, NY (Jonathan Rosenberg of counsel), for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Jason R. Richards and David L. Glovin of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Nassau County (Terence P. Murphy, J.), rendered December 8, 2022, convicting him of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, unlawful fleeing a police officer in a motor vehicle in the third degree, reckless endangerment in the second degree, and reckless driving, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing (Patricia A. Harrington, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
Prior to trial, the defendant moved, inter alia, to suppress a firearm that was recovered by a police officer during a search of a vehicle that the defendant had been driving. The County Court properly denied that branch of the defendant's omnibus motion which was to suppress the firearm that was recovered from the vehicle. As the People correctly contend, the evidence they presented at the suppression hearing established that the defendant abandoned the vehicle when, after crashing it into a fire hydrant, he fled from the scene of the accident, thereby undermining any claim he may have had to an expectation of privacy in the vehicle or its contents (see People v Ethridge, 175 AD3d 552, 553; People v Gonzalez, 25 AD3d 620, 621). Accordingly, the defendant lacked standing to challenge the search of the vehicle and the subsequent seizure of the firearm (see id.).
The defendant's contention that the evidence was legally insufficient to support his conviction of criminal possession of a weapon in the third degree on the ground that, based on CPL 200.60(3), the County Court failed to follow the proper procedures for the use of a prior conviction to elevate the level of that charged crime (Penal Law § 265.02[5][ii]) is unpreserved for appellate review (see CPL 470.05[2]; People v Finger, 95 NY2d 894, 895; People v Allen, 107 AD3d 818, 819; People v Ward, 57 AD3d 582, 583) and, in any event, without merit because the defendant raised his prior conviction as a central point of his defense at trial. Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of criminal possession of a weapon in the third degree beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349). Since the defendant had previously stipulated, in effect, to the correctness of his prior conviction, there was no need for the [*2]court to offer the defendant another opportunity to admit that prior conviction (see People v Allen, 107 AD3d at 819; People v Ward, 57 AD3d at 583).
Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt as to the counts of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
BRATHWAITE NELSON, J.P., CHAMBERS, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court